FILED
United States Court of Appeals
Tenth Circuit

October 17, 2007

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

MARGO PATSCHECK,

      Petitioner–Appellant,

v.

WILLIAM SNODGRASS, Warden,
New Mexico Women's Correctional
Facility; ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

      Respondents–Appellees.

No. 07-2046
(D.C. No. 05-CV-190-JB)
(D. N.M.)

ORDER DENYING
CERTIFICATE OF APPEALABILITY

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Margo Patscheck requests a certificate of appealability ("COA") to appeal the district court's denial of her 28 U.S.C. § 2254 habeas petition. For substantially the same reasons set forth by the district court, we **DENY** a COA and **DISMISS** the appeal.

Margo Patscheck and her husband Richard were accused of sexually abusing her two children from a previous marriage. Initially, Patscheck and her husband were represented by private counsel, and it was at that point they allegedly agreed to pursue a joint defense and deny all the allegations against

them.  Later, public defender James Bierly was appointed to represent them, and he was also told they wanted to pursue a joint defense of complete innocence. Finally, before trial, the district court appointed separate counsel for Patscheck's husband, and Bierly continued to represent Patscheck.

After a jury trial, Patscheck was convicted of multiple counts of criminal sexual penetration, criminal sexual contact with a minor, and conspiracy in violation of N.M. Stat. §§ 30-9-11, 30-9-13, & 30-28-2.  On October 21, 1998, she was sentenced to 94 ½ years' imprisonment and given credit for 167 days of time already served.

Patscheck appealed her conviction and sentence to the New Mexico Court of Appeals, which vacated two counts for insufficient evidence.  On remand for resentencing, Patscheck received a sentence of 73 ½ years.  She filed a petition for writ of certiorari, which was denied by the New Mexico Supreme Court.  She then filed a motion for post-conviction relief in state court, alleging that she had been denied her rights to due process and effective assistance of counsel.  After the state court denied relief, and the New Mexico Supreme Court declined to grant certiorari, Patscheck filed the present § 2254 petition for habeas relief in federal district court.

In her federal habeas petition, Patscheck alleges that she was denied her right to effective assistance of counsel, because both her initial private counsel and her trial lawyer operated under an actual conflict by representing both her and

- 2 -

her husband, and because her lawyers failed to investigate and present possible defenses. She also claims that she was denied due process because the trial judge was biased against her and her attorney. Finding that no constitutional violations occurred, the magistrate judge recommended that the petition be denied. Patscheck filed objections to the magistrate's report and recommendation. The district court adopted the majority of the recommendations, but directed the magistrate judge to reconsider whether Patscheck had exhausted her claim that counsel incompetently failed to interview her son as a potential witness. Upon reconsideration, the magistrate judge recommended dismissing this claim as well. Adopting all of the magistrate's recommendations, the district court dismissed Patscheck's petition and denied a COA.[1] She now seeks a COA from this court to appeal that decision.[2]

Under AEDPA, a petitioner is entitled to habeas relief only if a state court decision was "contrary to, or involved an unreasonable application of, clearly

---

[1] Because the district court did not act on the issue of a COA within thirty days of Patscheck's notice of appeal, the COA is deemed denied. 10th Cir. R. 22.1(C).

[2] Because Patscheck was denied a COA, she may not appeal the district court's decision absent a grant of a COA by this court. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Patscheck to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A federal court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 411 (2000). We review a district court's legal analysis of a state court decision de novo. Turrentine v. Mullin, 390 F.3d 1181, 1189 (10th Cir. 2004).

Patscheck first argues that the state court misapplied federal law in adjudicating her claims of ineffective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, Patscheck must show that her attorneys' performance fell below an objective standard of reasonableness and that the deficient performance prejudiced her defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). We indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Rogers v. United States, 91 F.3d 1388, 1392 (10th Cir. 1996).

With respect to her ineffectiveness claim, Patscheck presents two main arguments: (1) Her trial counsel operated under an actual conflict of interest by representing both her and her husband; and (2) Counsel failed to investigate and present a defense based on Battered Women's Syndrome. Because Patscheck

- 4 -

never raised an objection to the multiple representation at trial, she must demonstrate that an actual conflict of interest adversely affected her lawyer's performance. <u>Cuyler v. Sullivan</u>, 446 U.S. 335, 348 (1980).

Patscheck argues that if she had separate counsel from the beginning, she would have presented a defense of duress. She claims that her husband forced her to participate in the assaults on her children, that she never harmed her children when her husband was not present, and that she was unable to refuse her husband's demands because she suffered from Battered Women's Syndrome. A duress defense would clearly conflict with her husband's interests, and thereby create an actual conflict for joint counsel. Patscheck, however, never suggested this defense to her counsel, nor did she ever admit to counsel that she had committed the alleged acts. Instead, she continuously asserted a defense of complete innocence, as did her husband. In her habeas petition, Patscheck claims that both her private counsel and Bierly failed to spend adequate time with her alone to determine if her interests really were aligned with her husband's.

Although it is possible that counsel may err by failing to meet separately with each co-defendant, Patscheck has presented no evidence to suggest how frequently or infrequently she met with her counsel, and what effect, if any, it had on her representation.[3] In fact, in dismissing her state habeas claim, the New

[3] Patscheck alleges that at an evidentiary hearing, Bierly admitted that although he orally advised the couple about a conflict of interest, he did not

(continued...)

Mexico Court of Appeals held that: (1) invoices from Patscheck's initial private attorney show that counsel repeatedly conferred with Patscheck about the indictment and the status of the case; (2) Richard Patscheck was appointed separate counsel before trial; (3) evidence presented at trial showed that Patscheck had committed criminal acts against her children when her husband was absent and without his direction; and (4) the results of a mental status examination did not indicate any significant cognitive defects or severe psychopathology. Patscheck has failed to present any evidence that would lead us to conclude that these holdings were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Given these factual determinations, Patscheck's claim regarding a conflict of interest fails. Because she asserted a defense of innocence consistent with her husband's defense, even after she received independent counsel and after she was convicted, she has not shown an actual conflict of interest. Moreover, because she had separate representation at trial, any alleged conflict did not exist at trial. Thus Patscheck has failed to meet her burden of showing specific instances to support her claim of an actual conflict, United States v. Burney, 756 F.2d 787,

_____

[3](...continued)
investigate it further or obtain a written waiver of the conflict. On appeal, Patscheck has not provided a transcript of this hearing.

792 (10th Cir. 1985), and we conclude that the state court's denial of her claim was not unreasonable.

With respect to her second basis for her ineffective assistance of counsel claim, Patscheck argues that counsel failed to adequately investigate a defense of duress, based on her allegedly suffering from Battered Women's Syndrome. Notably, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." Strickland, 466 U.S. at 691. In the present case, Patscheck consistently denied any wrongdoing. In order to prevail on a duress defense, Patscheck would have had to admit that she committed the acts of abuse and claim that she was coerced into committing them. Because Patscheck never conceded her involvement in the abuse, the state court's decision to dismiss her ineffectiveness claim on this point was not contrary to, or an unreasonable application of, Strickland.

Patscheck raises several other grounds for her ineffectiveness claim, including counsel's failure to consult an expert witness on Battered Women's Syndrom. For substantially the same reasons as the district court, we determine that Patscheck has failed to show that the state court's determination of these issues involved an unreasonable interpretation of federal law.

Finally, Patscheck claims that she was denied due process, because the judge in her case was biased against her and her trial counsel, Bierly. Several months prior to her trial, the judge stated he intended to recuse himself from

future cases in which her counsel was involved because of his personal dislike for Bierly. The judge also said privately that in his view, 95 percent of people charged with crimes were guilty. He later recanted these statements at a pre-trial hearing, and suggested that the jury, rather than he, would ultimately decide Patscheck's guilt or innocence.

We apply a presumption of judicial integrity in such cases, and require a defendant to show that the judge has "a strong, direct interest in the outcome of a case." Fero v. Kerby, 39 F.3d 1462, 1479 (10th Cir. 1994) (quotation and citation omitted). Admittedly, these statements undermine the appearance of impartiality we expect judges to maintain. Yet "bad appearances alone" are insufficient to justify disqualification; Patscheck must show "some actual incentive to find one way or another." Id. (quotation and citation omitted). The judge's statements do not indicate that he had a direct interest in the outcome of the jury trial, nor has Patscheck shown any actual incentive for the judge to encourage the jury to find her guilty. Accordingly, we conclude that the state court did not reach a decision contrary to or involving an unreasonable application of federal law.

We **DENY** a COA, and **DISMISS** the appeal.

Entered by the Court


Carlos F. Lucero
Circuit Judge