FILED
United States Court of Appeals
Tenth Circuit

December 16, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARGO PATSCHECK,

      Petitioner-Appellant,

v.

ARLENE HICKSON,

      Respondent-Appellee.

No. 10-2155
(D.C. No. 1:10-CV-00473-JB-LAM)
(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Margo Patscheck, a New Mexico state prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the district court's dismissal of her

28 U.S.C. § 2254 habeas application for lack of jurisdiction. Exercising

jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny a COA and dismiss

the appeal.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Procedural Background

In 1998, Patscheck was convicted of multiple counts of sexual penetration, criminal sexual contact, and conspiracy in case no. CR-97-918-6, Eleventh Judicial District Court of San Juan County, New Mexico. She appealed her convictions and sentence to the New Mexico Court of Appeals. The court vacated two counts for insufficient evidence, but affirmed the judgment on all other counts. The New Mexico Supreme Court denied Patscheck's petition for certiorari. Her case was then remanded to the trial court for resentencing, and she received a reduced sentence.

Patscheck subsequently filed a state petition for habeas corpus challenging her convictions and sentence. The trial court denied relief and Patscheck filed a petition for certiorari with the New Mexico Supreme Court, arguing that the trial court erred by summarily dismissing her petition. Patscheck sought review from the New Mexico Supreme Court and that court remanded the case to the trial court for an evidentiary hearing. On December 3, 2004, the trial court entered an order denying Patscheck's petition for habeas corpus "on the guilt or innocence phase of the trial." R. Vol. 1 at 37. But the court did not issue a merits decision on Patscheck's claim for ineffective assistance of counsel at sentencing. Instead, the court concluded that the claim "was not fully developed," and therefore it would consider "the Motion for a Writ of Habeas Corpus on the sentencing phase

at a later date." *Id*. at 36-37. Patscheck filed a petition for a writ of certiorari with the New Mexico Supreme Court, but her request was denied.

On February 22, 2005, Patscheck filed a federal § 2254 habeas application challenging her convictions and sentence. The state moved to dismiss her application, arguing she had failed to exhaust three of her claims in state court, including her claim of ineffective assistance of counsel at sentencing. In response, Patscheck asked that the motion to dismiss be denied and that her application be considered on the merits because she had properly exhausted all of her claims by "fairly present[ing]" them for review by the state courts. Second Supp. R. at 5.

The magistrate judge concluded that Patscheck had fairly presented two of the three allegedly unexhausted claims to the state courts, but he concluded that one of the claims involving ineffective assistance of counsel at trial had not been exhausted. He then considered the merits of her application and recommended that it be denied and dismissed with prejudice. The district court adopted the magistrate judge's recommendation in part, but asked the magistrate judge to reconsider his conclusion that one of the claims had not been exhausted in state court. The magistrate judge issued further findings and a proposed recommendation that the claim at issue be considered exhausted and denied on the merits. The district court adopted the recommendation and dismissed the application with prejudice.

Patscheck sought a COA from this court, arguing that the district court had erred in denying her claims for ineffective assistance of trial counsel and denial of due process. *Patscheck v. Snodgrass*, 251 F. App'x 546, 548-50 (10th Cir. 2007). We denied her request for a COA and dismissed the appeal. *Id*. at 550. Patscheck did not file a petition for a writ of certiorari with the United States Supreme Court.

In July 2008, Patscheck returned to state court and filed a motion for reconsideration of her sentence. In response to that motion, the state trial court noted that a portion of her petition for a writ of habeas corpus dealing with ineffective assistance of counsel at sentencing remained pending. The court ordered an evidentiary hearing, and then ultimately denied the claim. Patscheck subsequently filed a petition for a writ of certiorari with the New Mexico Supreme Court, which was denied in June 2009.

In May 2010, Patscheck filed a second § 2254 habeas application. The district court dismissed the application under 28 U.S.C. § 2244(b)(3)(A) for lack of jurisdiction because Patscheck had already pursued one § 2254 habeas application attacking the same criminal conviction, and she had not obtained authorization from this court to file another one. In June, Patscheck filed a motion to amend, alter, or vacate the district court's judgment and a request to amend her habeas application. The district court concluded that Patscheck's motion constituted yet another successive petition, citing *Spitznas v. Boone*,

464 F.3d 1213, 1215 (10th Cir. 2006), for the proposition that a post-judgment motion "is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." The district court therefore dismissed the motion for lack of jurisdiction. This appeal followed.

Discussion

When a district court dismisses a § 2254 habeas application for lack of jurisdiction as an unauthorized second or successive application, the petitioner must obtain a COA before he or she may appeal. *See generally Miller-El v. Cockrell,* 537 U.S. 322, 335-36 (2003) ("Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA from a circuit justice or judge"); *see also United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (concluding that a COA was required to appeal from the dismissal of an unauthorized § 2255 motion). Where a district court denies a petition on procedural grounds, a petitioner must make a two-part showing: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A reviewing court need not address the constitutional question, if it is first able to resolve the procedural question. *See id*. at 485.

Patscheck concedes that the "district court had no jurisdiction to review [her] habeas in May 2010." Opening Aplt. Br. at 12. But she argues she is entitled to a COA because the district court in her first habeas proceeding erred in ruling on unexhausted claims and dismissing her case with prejudice, which led the district court in her second habeas proceeding to dismiss her case for lack of jurisdiction. She asserts her first § 2254 application should have been dismissed without prejudice because there were claims that had not been exhausted in state court. She now wants federal habeas review of her claim for ineffective assistance of counsel at sentencing, which she contends the state courts ultimately resolved in 2009.

Patscheck's argument in her request for a COA is focused solely on alleged error in her first habeas proceeding and provides no basis to overturn the district court's decision in her second habeas proceeding. Patscheck had a full and fair opportunity to litigate the exhaustion issue in her first habeas proceeding. In response to the state's motion to dismiss for failure to exhaust, she argued she had exhausted all of her state claims by fairly presenting them to the state courts and that the state's motion to dismiss should be denied. *See* Second Supp. R. at 5-8. The district court ultimately adjudicated all of her claims on the merits, including her claim for ineffective assistance of counsel at sentencing, and dismissed her application with prejudice. She sought a certificate of appealability to appeal from the district court's decision, but she did not raise any allegations of error

-6-

with respect to the district court's determination that she had exhausted all of her state claims. The fact that she now takes a different position on that issue provides no basis to reopen a proceeding that was finally resolved in 2007.

Patscheck filed a second § 2254 habeas application in May 2010 attempting to challenge the same criminal conviction and sentence she challenged in her first § 2254 habeas application. Because her first § 2254 application was adjudicated on the merits, her most recent habeas application is a second or successive application. She therefore was required to gain this court's authorization to file it, *see* 28 U.S.C. § 2244(b)(3)(A), but she did not do so.

"A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). When presented with an unauthorized second or successive § 2254 habeas application, the district court may transfer the application to this court if it is in the interest of justice to do so or dismiss it for lack of jurisdiction. *See Cline*, 531 F.3d at 1252. After concluding that a transfer was not in the interest of justice, the district court dismissed the matter. As Patscheck herself has conceded, the district court lacked jurisdiction to consider her second habeas application. Any argument related to alleged error in her first habeas proceeding provides no basis for altering the district court's decision in this proceeding. Nothing before us indicates that any reasonable jurist would disagree with the

district court's determination to dismiss her second habeas application for lack of jurisdiction.

Accordingly, we DENY the application for a COA and DISMISS the appeal.

Entered for the Court


David M. Ebel
Circuit Judge