FILED
United States Court of Appeals
Tenth Circuit

October 31, 2008

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.                                                                 No. 08-3215

DONALD ALTON HARPER,

    Defendant-Appellant.

---

**ORDER**

---

**Appeal from the United States District Court
for the District of Kansas
(D.C. No. 93-CR-20069-JWL)**

---

Donald Alton Harper, *pro se*.

---

Before **O'BRIEN, EBEL,** and **GORSUCH**, Circuit Judges.

---

**GORSUCH**, Circuit Judge.

Donald Alton Harper, a federal prisoner, seeks to appeal the district court's

dismissal of his motion to vacate, set aside, or correct his sentence pursuant to 28

U.S.C. § 2255. We hold that a certificate of appealability ("COA") is a

prerequisite to pursuing such an appeal. Finding that Mr. Harper has not made

the showing required for the issuance of a COA, we affirm the dismissal of his § 2255 motion.

On January 13, 1994, a jury found Mr. Harper guilty of armed bank robbery and using or carrying a firearm during the robbery. Two months later, Mr. Harper was sentenced to a term of imprisonment of 281 months on the bank robbery charge and 60 consecutive months on the firearm charge; he was also ordered to pay restitution in the amount of $6,166. On appeal, we affirmed Mr. Harper's convictions, but remanded for resentencing because he had not been afforded an opportunity for allocution at his sentencing. *United States v. Harper*, 1995 WL 228267, at *1 (10th Cir. 1995). Given the same sentence on remand after an opportunity to allocute, Mr. Harper once again appealed his sentence. This time we affirmed. *United States v. Harper*, 1996 WL 467651 (10th Cir.), *cert. denied*, 519 U.S. 1045 (1996).

Between 1997 and 2006 Mr. Harper filed a total of five collateral attacks on his convictions, all construed as motions under 28 U.S.C. § 2255, and all denied. While reviewing Mr. Harper's fourth attempt to file a successive motion under § 2255, this court warned that further frivolous motions might result in sanctions. *Harper v. United States*, No. 06-3303 (10th Cir. Oct. 30, 2006). Despite this admonition, Mr. Harper has since filed two more motions under § 2255: one we dismissed last year for failing to show sufficient grounds to merit a successive

§ 2255 motion, *Harper v. United States*, No. 06-3424 (10th Cir. Feb. 7, 2007), and one we face today.

Before the district court, Mr. Harper styled his present action as a motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50. Upon examination, however, the district court found that the petition challenged the legality of his continued detention and, thus, was not a proper Rule 50 motion but, rather, one to vacate, set aside, or correct his sentence pursuant to § 2255. D.Ct. Op. at 1-2. In order to file a second or (as here) successive § 2255 motion, a petitioner must first move the court of appeals for an order authorizing the district court to hear the motion. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3). In turn, this court may grant permission to file a second or successive motion only if the applicant meets certain criteria. 28 U.S.C. § 2255(h).[1] As the district court observed, Mr. Harper had neither received nor even sought permission from this court to pursue his claim as required by § 2255(h).

Once the district court discerned Mr. Harper's effort to pursue a § 2255 motion without appropriate permission, it had two options. As long as it could conclude that a transfer would be in the "interests of justice," it was entitled to

---

[1] Specifically, the applicant must show either "(1) the existence of newly discovered evidence that, if proven in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

transfer Mr. Harper's action to this court for a determination whether to permit successive § 2255 proceedings. *In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008). Otherwise, the district court had to dismiss Mr. Harper's claim for lack of jurisdiction because it bears no authority to entertain second or successive § 2255 motions unauthorized by this court. *Id.* Finding that Mr. Harper's motion undoubtedly failed to satisfy § 2255(h)'s strict requirements, such that a transfer to this court would serve no legitimate purpose, the district court in this case chose to follow the latter course. D.Ct. Op. at 3.

Mr. Harper now seeks to appeal the district court's dismissal of his action. Before we may address the merits of his filing, we are necessarily confronted with the question whether a district court's dismissal order for lack of jurisdiction in these circumstances qualifies as a "final order" under 28 U.S.C. § 2253(c)(1) & (B), such that Mr. Harper must obtain a COA in order to appeal. *See* 28 U.S.C. § 2253(c)(1) & (B) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from *the final order in a proceeding* under section 2255.") (emphasis added).

When interpreting what the term "final decision" means for purposes of our jurisdiction under 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."), we have repeatedly stated that "[a] final decision is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the

judgment.'" *In re Universal Serv. Fund Tel. Billing Practice Litig.*, 428 F.3d 940, 942 (10th Cir. 2005) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). Absent certain exceptions, it is a decision that disposes of all claims before it. *See Atiya v. Salt Lake County*, 988 F.2d 1013, 1016 (10th Cir. 1993).

Guided by this precedent, we take a similar view of what constitutes a "final order" under § 2253, asking whether the district court's decision effectively terminated the petitioner's ability to proceed before that court. Where a district court dismisses a petitioner's § 2255 motion for lack of jurisdiction on the ground that it is a second or successive motion and unauthorized by the court of appeals, the petitioner has no further recourse in the district court, and, as such, the dismissal is a final order by that court. Further, because Mr. Harper's proceeding clearly sought, as the district court observed, to secure the relief afforded by § 2255, the district court's dismissal constitutes "a proceeding under section 2255," 28 U.S.C. § 2253(c)(1) & (B), the nature of which remains unaltered by the fact that the dismissal was on jurisdictional grounds.[2] In sum, we hold that the district court's dismissal of an unauthorized § 2255 motion is a "final order in a proceeding under section 2255" such that § 2253 requires petitioner to obtain a COA before he or she may appeal. In so holding, we join a number of our sister

---

[2] This conclusion finds additional support in the fact that we sometimes construe appellate filings from jurisdictional dismissals like this one as implied applications for leave to file unauthorized habeas petitions or § 2255 motions. *See Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997).

courts who have reached the same result. *See Resendiz v. Quarterman*, 454 F.3d 456 (5th Cir. 2006) (per curiam); *Sveum v. Smith*, 403 F.3d 447 (7th Cir.) (per curiam), *cert. denied*, 546 U.S. 944 (2005); *Jones v. Braxton*, 392 F.3d 683 (4th Cir. 2004); *see also Pratt v. United States*, 129 F.3d 54 (1st Cir. 1997), *cert. denied,* 523 U.S. 1123 (1998) (holding that district court's dismissal of § 2255 motion as unauthorized is final order where petitioner disputed AEDPA's applicability).[3]

With this much resolved, we must next ask whether Mr. Harper has succeeded in meeting the standards Congress and the Supreme Court have imposed for the issuance of a COA. In order to secure a COA, a petitioner must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). This in turn requires us first to consider whether "jurists of reason would find . . . debatable" the district court's decision to construe Mr. Harper's Rule 50 motion as a motion to vacate, set aside, or correct his sentence pursuant to § 2255. We find the district court's decision unassailable: a challenge to the legality of one's detention, of the type brought by Mr. Harper, must be brought pursuant to § 2255

---

[3] We recognize that in some pre-*In re Cline* cases we have summarily affirmed the district court's dismissal of an unauthorized successive § 2254 petition or § 2255 motion without discussing the standards for a COA. *See, e.g.*, *Pease*, 115 F.3d at 764. We do not read these precedents as foreclosing our decision today, as we have not previously afforded consideration to the question before us.

"unless it . . . appears that the remedy by [this] motion is inadequate or ineffective." *See* 28 U.S.C. § 2255(e); *see also United States v. Patrick*, 2008 WL 324226, at *1 (10th Cir. 2008). Having made no showing that the remedy under § 2255 would be "inadequate or ineffective," Mr. Harper was obligated to pursue his challenge under the strictures of § 2255. And once this is established, it then follows as a matter of course – as Mr. Harper's motion was indisputably successive and unauthorized by this court – that the district court had no jurisdiction to proceed. Reasonable jurists could not, therefore, debate the district court's decision to dismiss and we accordingly deny Mr. Harper's application for a COA.

We pause to note that this is now Mr. Harper's sixth failed attempt to invoke § 2255 relief and underscore our earlier warning to him against further attempts to begin a collateral attack on his 1994 convictions without satisfying the prerequisites set forth in § 2255. *See Harper v. United States*, No. 06-3303 (10th Cir. Oct. 30, 2006). We caution Mr. Harper that we will not be inclined to issue another warning, and that he should expect that future frivolous motions will lead to sanctions. *See, e.g.*, *Gresham v. Miles*, 2003 WL 22903009, at *1 (5th Cir. 2003) (per curiam). Finally, because we agree with the district court's determination that Mr. Harper's current matter lacks a good faith basis, we deny leave to proceed *in forma pauperis*.

*So ordered.*