**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DONALD ALTON HARPER,

Defendant-Appellant.

No. 08-3354
(D.C. No. 2:93-CR-20069-JWL-1)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **McKAY**, and **BRISCOE**, Circuit Judges.[**]

Donald Alton Harper, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal from the district court's order dismissing his motion for relief from judgment. We deny the request for a COA and dismiss the appeal.

---

[*]     This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]     After examining the application for a certificate of appealability and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this matter. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Mr. Harper was convicted in 1994 of armed bank robbery and using or carrying a firearm during the robbery. The motion at issue in this case purportedly sought relief from Mr. Harper's convictions pursuant to Federal Rules of Criminal Procedure 48, 51, and 52(b) but the district court construed the motion as a motion to vacate, set aside, or correct Mr. Harper's sentence pursuant to 28 U.S.C. § 2255. The district court noted that the current motion was Mr. Harper's seventh motion challenging the legality of his detention and that the previous six motions were all denied. The district court noted further that in order to file a successive § 2255 motion, Mr. Harper must seek authorization from the court of appeals. The district court indicated that it had the option of transferring the motion to this court or it could dismiss the motion. The district court explained that Mr. Harper had previously been warned about filing frivolous motions and that Mr. Harper's current motion lacked merit and was not likely filed in good faith. Because of this, the district court determined that it was not in the interest of justice to transfer Mr. Harper's motion to this court and it dismissed the motion.

In a recent opinion, this court warned Mr. Harper that he would be subject to sanctions if he continued to file frivolous motions challenging the legality of his detention. *See United States v. Harper*, 545 F.3d 1230, 1234 (10th Cir. 2008). We conclude that the underlying motion filed by Mr. Harper was frivolous and that Mr. Harper lacked a good faith basis to appeal from the district court's

dismissal of that motion. Accordingly, we DENY the request for a COA and DISMISS the appeal. *See* 10th Cir. R. 46.5(D)(1) (providing for dismissal as a sanction for filing a frivolous appeal).

Entered for the Court

Monroe G. McKay
Circuit Judge