FILED
**United States Court of Appeals**
**Tenth Circuit**

**January 27, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JERRY LEE WILLIAMS,

      Defendant - Appellant.

No. 09-3276
(D.C. Nos. 6:03-CR-10140-JTM-1;
6:09-CV-1112-JTM)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

Jerry Lee Williams seeks a certificate of appealability ("COA") to appeal

the district court's denial of his petition for writ of habeas corpus under 28 U.S.C.

§ 2255. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255(d). We

discern no error in the district court's ruling and thus deny the COA and dismiss

this matter.

---

    [*] This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

## I. BACKGROUND

Mr. Williams was convicted in 2003 of being a felon in possession of a firearm. Because he had previously been convicted of three violent felonies,[1] the district court applied the Armed Career Criminal Act, *see* 18 U.S.C. § 924(e), and enhanced his sentence. Mr. Williams has since appeared three times before us—twice on direct appeal and once on a prior § 2255 habeas petition.

Mr. Williams, who is represented by counsel, then filed the present § 2255 petition with the district court. Such a "second or successive" habeas motion may only proceed if it is based on, *inter alia*, "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see also id.* § 2244(b)(2)(A). Though he did not cite this standard, Mr. Williams claimed that he was entitled to relief because recent Supreme Court cases—starting with *Begay v. United States*, 553 U.S. 137 (2008)—had dramatically altered how courts interpret "violent felonies" for sentence-enhancement purposes. These cases, Mr. Williams urged,

---

[1] As we have previously noted:

> The government actually presented evidence of *four* prior violent felonies: a 1971 conviction for first degree robbery; a 1973 conviction for second degree murder; a 1984 conviction for aggravated assault, battery and robbery, felony theft and unlawful possession of a firearm; and a 1993 conviction for conspiracy to commit bank robbery.

*United States v. Williams*, 403 F.3d 1188, 1198 n.9 (10th Cir. 2005) (emphasis added).

raised the possibility that two of his four relevant felonies might on reexamination be deemed not "violent," a finding that would mean that Mr. Williams's enhanced sentence was unjustified.

But Mr. Williams made a procedural mistake. He filed his petition with the district court when he should have filed it with this court. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also id.* § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."). Realizing his error, Mr. Williams filed another motion asking the district court to transfer his petition to this court pursuant to 28 U.S.C. § 1631.

The district court noted that § 1631 provides that a misfiled petition shall be transferred "if it is in the interest of justice," and that a key factor in deciding if a transfer is appropriate is whether "'the claims are likely to have merit.'" *Williams v. United States*, Nos. 03-10140, 09-1112, 2009 WL 2355277, at *1 (D. Kan., July 29, 2009) (quoting *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006)). The district court found that Mr. Williams's claim was meritless because he did "not articulate any grounds which would authorize relief under § 2255(h)." *Id.* at *2. To establish "a new rule of constitutional law," Mr. Williams sought to rely on *Begay*. But that decision decided a question of

-3-

statutory interpretation, not constitutional law, so it could not satisfy § 2255(h). The district court accordingly denied Mr. Williams's motion to transfer and dismissed the § 2255 petition for lack of jurisdiction. *See, e.g.*, *United States v. Harper*, 545 F.3d 1230, 1232 (10th Cir. 2008) ("[T]he district court had to dismiss [the] claim for lack of jurisdiction because it bears no authority to entertain second or successive § 2255 motions unauthorized by this court.").

Mr. Williams timely appealed.

## II.  DISCUSSION

The district court found that it lacked jurisdiction over Mr. Williams's unauthorized second or successive petition and—finding that transfer to this court was not "in the interest of justice" under § 1631—dismissed it.  This procedural decision constitutes a "final order in a proceeding under section 2255," 28 U.S.C. § 2253(c)(1)(B), and thus Mr. Williams must obtain a COA before he may appeal to this court.  *Harper*, 545 F.3d at 1233.

A COA is a jurisdictional prerequisite, requiring a petitioner to make "a substantial showing of the denial of a constitutional right" before proceeding on appeal.  28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Where, as here, the district court denies a petition on procedural grounds, we may not issue a COA unless "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

-4-

district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Therefore, Mr. Williams must show that reasonable jurists could debate whether the district court was correct in dismissing the case for lack of jurisdiction. This in turn requires Mr. Williams to show that the district court was wrong to deny the motion to transfer under § 1631. He cannot make this showing, for no reasonable jurist could debate the correctness of the district court's conclusion that *Begay* did not propound "a new rule of constitutional law" for purposes of § 2255(h). Indeed, Mr. Williams concedes that "courts fully acknowledge *Begay* was decided on statutory construction grounds." Aplt. Br. at 7.[2]

---

[2] Mr. Williams argues that, even though *Begay* was decided on statutory grounds, "that is not to say that all decisions of statutory interpretation by the Supreme Court can never also effect a new rule of constitutional law." Aplt. Br. at 7. To the contrary, he urges, a "petitioner would be able to show a denial of a constitutional right by being sentenced to a higher sentence . . . than permitted by the appropriate statute." *Id.* at 8.

If Mr. Williams means that a decision that turns on statutory grounds (like, for example, *Begay*) can affect constitutional rights, we agree. *See, e.g.*, *United States v. Shipp*, 589 F.3d 1084 (10th Cir. 2009). But this does not mean that such a decision *itself* propounds a new rule of constitutional law. In making this argument Mr. Williams appears to confuse "a new rule of constitutional law" found in §§ 2244 and 2255 with "a substantial showing of the denial of a constitutional right" found in § 2253. Because it is indisputable that he did not (and could not) show that *Begay* established a new rule of constitutional law, it also is indisputable that he cannot now establish that the district court's procedural decision to dismiss his second or successive petition was erroneous. And, therefore, Mr. Williams is not legally situated to make a substantial showing

(continued...)

### III. CONCLUSION

The district court correctly determined that it was not in the interest of justice to transfer Mr. Williams's unauthorized petition, and the court consequently properly dismissed the petition for lack of jurisdiction. Mr. Williams cannot establish that reasonable jurists would question the district court's holding. We therefore **DENY** Mr. Williams a COA and **DISMISS** the matter.

Entered for the Court

JEROME A. HOLMES
Circuit Judge

---

[2](...continued)
of a denial of a constitutional right.