FILED
United States Court of Appeals
Tenth Circuit

October 21, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RODERICK WALKER,

Defendant-Appellant.

No. 10-5077
(D.C. Nos. 4:10-CV-00299-CVE-PJC
and 4:04-CR-00099-CVE-1)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **TYMKOVICH**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**GORSUCH**, Circuit Judge.

Roderick Walker unsuccessfully pursued relief under 28 U.S.C. § 2255

from his federal criminal convictions for conspiracy to possess lysergic acid

diethylamide (LSD) with the intent to distribute and distribution of LSD and for

unlawful use of a communication facility. This court denied a certificate of

appealability (COA). *See United States v. Walker*, 307 F. App'x 230, 231

(10th Cir.), *cert. denied*, 130 S. Ct. 516 (2009). Mr. Walker then filed in the

district court a Fed. R. Civ. P. 60(b) motion to reopen the proceeding.

Concluding that the motion was in effect a second or successive § 2255 motion,

and that this court had not authorized it to be filed, the district court dismissed the

motion for lack of jurisdiction. *See* 28 U.S.C. §§ 2255(h), 2244(b). Mr. Walker appealed. To pursue an appeal, he must obtain a COA. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). Thus, he "must show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

A Rule 60(b) motion may be subject to the requirements for a second or successive § 2255 motion if it asserts, or reasserts, a claim of error in the movant's conviction. *See In re Lindsey*, 582 F.3d 1173, 1174-75 (10th Cir. 2009) (per curiam) (discussing *Gonzalez v. Crosby*, 545 U.S. 524, 530, 532, 538 (2005)). "In analyzing whether Rule 60(b) arguments require authorization under § 2255(h), the first step is to determine whether the motion asserts non-merits Rule 60(b) arguments (which this court has referred to as a 'true' 60(b) motion) or asserts merits-focused, second or successive claims." *Id.* at 1175. Mr. Walker contends that his Rule 60(b) motion did not require this court's authorization because it challenged the integrity of his § 2255 proceedings, rather than raising a claim for relief from his convictions. *See Gonzalez*, 545 U.S. at 532 (holding that a challenge to "some defect in the integrity of the federal habeas proceedings" does not require authorization).

We agree with the district court that the Rule 60(b) motion only ostensibly challenges the integrity of the § 2255 proceeding. Mr. Walker frivolously argues that there was a fatal defect in the proceeding because the district court's failure

to consider his COA application barred his claims. This court, however, independently decided to deny a COA with regard to the denial of the § 2255 motion and to dismiss the matter. *See Walker*, 307 F. App'x at 231. He further alleges that the district court failed to address some of the claims in his § 2255 motion, but he does not show where he raised any unaddressed claims. Our review indicates that the district court ruled on every claim that was reasonably discernible in the § 2255 motion and the 432-page memorandum brief with attachments that Mr. Walker submitted in support of the motion.

No jurist of reason would find it debatable whether the district court correctly concluded that the Rule 60(b) motion required this court's authorization to proceed, and therefore the motion should be dismissed for lack of jurisdiction. Mr. Walker's application for a COA is DENIED, and this matter is DISMISSED.

Entered for the Court


Neil M. Gorsuch
Circuit Judge