**UNITED STATES COURT OF APPEALS**

January 12, 2012

**TENTH CIRCUIT**

---

HERMAN LEROY FRISTOE,

    Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

    Respondent – Appellee.

No. 11-5149
(D.C. No. 11-CV-00546-JHP-PJC)
(N.D. Okla.)

---

**ORDER**

---

Before **LUCERO**, **EBEL** and **GORSUCH**, Circuit Judges.

---

Petitioner-Appellant Herman Fristoe, a federal inmate, filed a pleading challenging the legality of his sentence which Fristoe labeled a 28 U.S.C. § 2241 petition. A § 2241 petition, however, generally may be used only to challenge how a sentence is executed. See Licon v. Ledezma, 638 F.3d 1303, 1311 (10th Cir. 2011). It is usually not the appropriate vehicle for challenging the legality of a sentence. See id. Because Fristoe made no argument as to why § 2255 is "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e), the district court accurately characterized Fristoe's pleading as a motion made under 28 U.S.C. § 2255. See Licon, 638 F.3d at 1311; see also Jackson v. United States, 463 F.3d 635, 637-39 (7th Cir. 2006) (treating a motion to reduce a sentence under 18 U.S.C. § 3559(c)(7) as a § 2255 motion).

Because Fristoe unsuccessfully sought § 2255 relief on two prior occasions, he could not pursue this latest § 2255 motion without first obtaining this court's authorization. See 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); see also United States v. Harper, 545 F.3d 1230, 1232 (10th Cir. 2008). This court, in turn, can only authorize a second or successive § 2255 motion if it is based upon

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Fristoe failed to seek an order from this court authorizing him to pursue his successive motion for § 2255 relief. Under such circumstances, the district court could have transferred his motion to this court for us to consider whether to authorize pursuit of a successive § 2255 motion, but only if the district court concluded that such a transfer would be in the interests of justice. See Harper, 545 F.3d at 1232. Otherwise, the district court was required to dismiss Fristoe's motion for lack of jurisdiction; the district court had no authority to consider Fristoe's unauthorized successive motion for § 2255 relief. See id. Seeing no suggestion that Fristoe could meet the requirements for asserting a successive motion for § 2255 relief, the district court dismissed Fristoe's motion for lack of jurisdiction. See id.

2

Fristoe now seeks to appeal the district court's decision dismissing his motion.[1]  In order to pursue this appeal, Fristoe must first obtain a certificate of appealability ("COA") under 28 U.S.C. § 2253(c).  See Harper, 545 F.3d at 1233.  A COA is warranted only if Fristoe makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Fristoe can make such a showing if reasonable jurists would find it debatable whether the district court's procedural ruling was correct.  See Harper, 545 F.3d at 1233 (citing Slack v. McDaniel, 529 U.S. 473, 478 (2000)).  Because Fristoe has failed to make such a showing, we deny COA and DISMISS this appeal.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[1] The district court granted Fristoe's motion to proceed on appeal in forma pauperis.  See 28 U.S.C. § 1915(a).