FILED
United States Court of Appeals
Tenth Circuit

September 12, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GREGORY C. REED,

        Petitioner-Appellant,

v.

ANGEL MEDINA; JOHN SUTHERS,
Attorney General of the State of
Colorado,

        Respondents-Appellees.

No. 12-1265
(D.C. No. 1:12-CV-01353-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

Petitioner Gregory C. Reed, a Colorado state prisoner appearing pro se, seeks a

certificate of appealability (COA) to appeal the district court's dismissal of his

28 U.S.C. § 2254 application. The district court dismissed the application for lack of

jurisdiction because Mr. Reed failed to obtain the circuit-court authorization to file it.

We deny a certificate of appealability (COA) and dismiss the appeal.

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Reed was convicted in Colorado in 1989 of aggravated robbery and four habitual criminal counts. He filed a § 2254 application collaterally challenging that conviction in 2002. It was denied by the district court and we denied a COA. *Reed v. Atherton*, No. 03-1013 (10th Cir. July 16, 2003) (unpublished order).

A prisoner may not file a second or successive § 2254 application unless he first obtains an order from the circuit court authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A). In September 2006, Reed filed an unauthorized second or successive § 2254 application, which the district court transferred to us. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) ("When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so . . . or it may dismiss the motion or petition for lack of jurisdiction."). We denied authorization. *Reed v. Brodus*, No. 07-1008 (10th Cir. Mar. 15, 2007) (unpublished order). Mr. Reed filed another unauthorized second or successive § 2254 application in 2007, which the district court again transferred to us. Mr. Reed did not seek authorization to file that application, but instead sought a remand, which we denied. *In re Reed*, No. 07-1310 (10th Cir. Oct. 5, 2007).

In July 2012, Mr. Reed filed yet another unauthorized second or successive § 2254 application, which is the subject of this appeal. In his proposed application, Mr. Reed asserts that he involuntarily pleaded guilty to two of the prior offenses that were used to enhance his sentence in his 1989 convictions. Because Mr. Reed has

completed his sentences in those two prior convictions and the relief he sought was from the sentence in his 1989 convictions, the district court construed his application as seeking to again challenge his 1989 convictions. The district court dismissed it for lack of jurisdiction because Mr. Reed had again failed to obtain authorization. Mr. Reed appeals.

When a district court dismisses a § 2254 motion for lack of jurisdiction, the prisoner must obtain a COA to appeal. *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). In order to obtain a COA, Mr. Reed must show both "that jurists of reason would find it debatable whether the application states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We conclude that the district court's procedural ruling is not debatable.

In the absence of the required circuit-court authorization, a district court lacks jurisdiction to address the merits of a claim asserted in a second or successive § 2254 petition. *See In re Cline*, 531 F.3d at 1251. Mr. Reed's § 2254 application is unquestionably second or successive, as he concedes. *See* Opening Br. at 6. Because Mr. Reed failed to obtain authorization, reasonable jurists could not debate that the district court was correct in its procedural ruling dismissing the petition for lack of jurisdiction.

We therefore DENY the requested COA. The appeal is DISMISSED. The request for leave to proceed in forma pauperis is DENIED.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk