**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 24, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff − Appellee,

v.

DHEADRY LOYD POWELL,

        Defendant − Appellant.

No. 14-3212
(D.C. Nos. 2:14-CV-02290-CM &
2:05-CR-20067-CM-1)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **EBEL**, and **MORITZ**, Circuit Judges.

Dheadry Loyd Powell, proceeding pro se, seeks a certificate of appealability

(COA) to appeal from the district court's dismissal of his filing entitled "Informal

Appellate Brief '2255' Concerning Alleyne/Apprendi Issues" as an unauthorized

second or successive 28 U.S.C. § 2255 motion. As implied by the title, his filing

sought relief from his sentence under § 2255 based on the Supreme Court's recent

decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). We deny a COA and

dismiss this matter.

---

[*]    This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Powell must obtain a COA to appeal. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). For a COA, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But no reasonable jurist could debate whether the district court correctly held that the filing was an unauthorized second or successive § 2255 motion.

Mr. Powell recognizes that this is his second § 2255 motion, but he asserts that it is not subject to the restrictions of 28 U.S.C. § 2255(h) because it is based on a change in the governing law, namely *Alleyne*. He contends that because he relies on a new right, he can proceed under § 2255(f)(3), which sets a one-year filing deadline starting on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." But § 2255(f)(3) does not allow him to evade § 2255(h)(2)'s restrictions. Rather, he must meet *both* subsections' requirements. *See Prost v. Anderson*, 636 F.3d 578, 591 (10th Cir. 2011) (noting potential effects of the interaction between §§ 2255(f)(3) and 2255(h)(2)).

Allowing Mr. Powell to proceed solely under § 2255(f)(3) without regard to § 2255(h), as he urges, would nullify § 2255(h)(2). Mr. Powell's arguments regarding the earlier non-availability of *Alleyne*, grounded in abuse-of-the-writ

doctrine, fail for the same reason: there would be no point to § 2255(h)(2) if a prisoner could proceed under any new decision simply because it had not been issued at the time of a first § 2255 motion. *See Prost*, 636 F.3d at 586 ("If the rule were otherwise . . . the statute's limitations would be effectively pointless[.]"); *id.* at 589 ("The simple fact is that Congress decided that, unless subsection (h)'s requirements are met, finality concerns trump and the litigation must stop after a first collateral attack."). We also reject Mr. Powell's assertion that applying § 2255(h)(2) to him would implicate the Suspension Clause. *See Felker v. Turpin*, 518 U.S. 651, 654, 663-64 (1996) (holding that restrictions on second or successive 28 U.S.C. § 2254 applications do not violate Suspension Clause); *Gilbert v. United States*, 640 F.3d 1293, 1317 (11th Cir. 2011) (en banc) (applying *Felker* to § 2255(h)).

Because Mr. Powell's new filing again sought to challenge his sentence under § 2255 and this court did not authorize the filing, the district court lacked jurisdiction to consider it. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). Accordingly, no reasonable jurist could debate the district court's decision to dismiss it for lack of jurisdiction. *See id.* at 1252. Further, given that *Alleyne* does not satisfy § 2255(h)(2), *see In re Payne*, 733 F.3d 1027, 1029-30 (10th Cir. 2013) (per curiam),[1] no reasonable jurist could debate the district court's decision not to

---

[1]     Mr. Powell argues that *Alleyne* should apply retroactively, and that the lower federal courts can determine under § 2255(f)(3) whether it so applies. We do not consider these arguments because Mr. Powell is bound by § 2255(h)(2), which by its

(continued)

- 3 -

transfer the motion to this court for authorization, *see Cline*, 531 F.3d at 1252.

Mr. Powell complains that the district court did not address his extensive retroactivity analysis, but the district court's lack of jurisdiction means that it could not consider his merits arguments. *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) ("[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading.").

We deny Mr. Powell's "Motion to Amend Petitioner's 28 U.S.C. §2255" as moot. We grant his motion to proceed without prepayment of costs and fees, but we deny a COA and dismiss this matter.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

---

plain language requires that the Supreme Court, not the lower federal courts, make *Alleyne* retroactive to cases on collateral review.