Thomas A. CENSKE, Petitioner–Appellant,

v.

John B. FOX, Warden–FTC, Respondent–Appellee.

No. 16-6099

United States Court of Appeals, Tenth Circuit.

Filed August 19, 2016

Thomas A. Censke, Pro Se

Before BRISCOE, O'BRIEN, and GORSUCH, Circuit Judges.

### ORDER AND JUDGMENT *

Per Curiam

Thomas A. Censke, a federal prisoner proceeding pro se, appeals the district court's dismissal for lack of statutory jurisdiction of his habeas corpus application filed pursuant to 28 U.S.C. § 2241. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's dismissal of Censke's § 2241 application.

In 2009, Censke was convicted in the district court for the Western District of Michigan of four counts of mailing threatening communications, in violation of 18 U.S.C. § 876(c). The Sixth Circuit affirmed his conviction on appeal, and it affirmed

---

* This panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his sentence after a remand for resentencing and a further appeal.

In 2014, the district court denied Censke's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He filed a motion to reconsider or amend his § 2255 motion in August 2015. In that motion, he challenged the mental state required for his conviction under § 876(c), citing the Supreme Court's holding in *Elonis v. United States,* —— U.S. ——, 135 S.Ct. 2001, 2012, 192 L.Ed.2d 1 (2015), which clarified the *mens rea* requirement for convictions under a different threat statute, 18 U.S.C. § 875(c). The district court deemed Censke's motion to be an unauthorized second or successive § 2255 motion and transferred it to the Sixth Circuit. On July 1, 2016, that court denied Censke authorization to file a second or successive § 2255 motion based on *Elonis.*

Meanwhile, in November 2015, Censke filed a habeas corpus application under § 2241 in the district court for the Western District of Oklahoma.[1] Once again, he cited *Elonis* as the basis for challenging his conviction. The district court dismissed his § 2241 application for lack of statutory jurisdiction because Censke had not satisfied the so-called "savings clause" in § 2255(e) that would permit him to bring a § 2241 application challenging his conviction and sentence. The district court held, alternatively, that to the extent it construed Censke's filing as a § 2255 motion, the court still lacked jurisdiction because the motion was filed in the wrong district court and it was an unauthorized second or successive motion.

Censke does not require a certificate of appealability to appeal the district court's dismissal of his § 2241 habeas application. *See McIntosh v. U.S. Parole Comm'n,* 115 F.3d 809, 810 n.1 (10th Cir. 1997).[2] We review the district court's ruling de novo. *See Abernathy v. Wandes,* 713 F.3d 538, 544 (10th Cir. 2013).

"Congress long ago decided that a federal prisoner's attempt to attack the legality of his conviction or sentence generally must be brought under § 2255, and in the district court that convicted and sentenced him...." *Prost v. Anderson,* 636 F.3d 578, 581 (10th Cir. 2011). But Censke argues that he has no adequate or effective remedy under § 2255. He therefore filed a habeas application under § 2241 in a district where he was currently incarcerated, invoking § 2255(e). Under the latter section, a federal prisoner may resort to § 2241 if "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." *Prost,* 636 F.3d at 581 (brackets in original) (quoting 28 U.S.C. § 2255(e)). But § 2255 "has been found to be inadequate or ineffective only in extremely limited circumstances." *Abernathy,* 713 F.3d at 547 (internal quotation marks omitted). Specifically, if the prisoner's argument could have been tested in his first § 2255 motion, he may not resort to the § 2255(e) savings clause and § 2241. *See Prost,* 636 F.3d at 584.

Censke seeks to challenge his conviction under 18 U.S.C. § 876(c) based on the Supreme Court's recent decision in *Elonis.* He contends that he could not have tested his *Elonis* argument in his initial § 2255 motion because that case was not decided

---

1. At that time, Censke was incarcerated at the Federal Transfer Center in Oklahoma City, Oklahoma.

2. As noted, the district court alternatively held that if it construed Censke's filing as an unauthorized second or successive motion under § 2255, it would still be subject to dismissal for lack of jurisdiction. He must obtain a certificate of appealability (COA) to pursue an appeal of that ruling. *See United States v. Harper,* 545 F.3d 1230, 1233 (10th Cir. 2008). But we need not address that issue because Censke does not advance any basis for granting him a COA on that ruling.

at the time he brought his motion. And he maintains that § 2255 is not an adequate or available remedy now because he cannot satisfy the gatekeeping requirements for a second or successive motion under § 2255(h) based on *Elonis*.

The fact that Censke did not identify (or chose not to make) the statutory construction argument that succeeded in *Elonis* does not establish that he could not have done so in his first § 2255 motion. In *Prost* we held that a prisoner could have included in his first § 2255 motion a statutory construction argument that the Supreme Court later vindicated in another prisoner's first § 2255 proceeding. *See* 636 F.3d at 588–89. We said that "[t]he § 2255 remedial vehicle was fully available and amply sufficient to test the argument, whether or not Mr. Prost thought to raise it." *Id.* at 589. And as to the § 2255(h) gatekeeping requirements for a second or successive motion, if they are not satisfied "finality concerns trump and the litigation must stop after a first collateral attack." *Id.*

Censke's argument is foreclosed by our reasoning in *Prost.* We therefore affirm the district court's dismissal of his § 2241 habeas application for lack of statutory jurisdiction. *See Abernathy*, 713 F.3d at 557 (noting "when a federal petitioner fails to establish that he has satisfied § 2255(e)'s savings clause test—thus, precluding him from proceeding under § 2241—the court lacks statutory jurisdiction to hear his habeas claims").

Censke's motion to proceed without prepayment of costs or fees is granted. Nevertheless, he is required to pay all filing and docketing fees. Only prepayment of fees is waived, not the fees themselves. 28 U.S.C. § 1915(a)(1). Payment shall be made to the Clerk of the District Court.