**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 14, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WILLIAM EARL WRIGHT,

    Defendant - Appellant.

No. 17-7057
(D.C. Nos. 6:17-CV-00227-RAW &
6:10-CR-00049-RAW-1)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **LUCERO**, and **HARTZ**, Circuit Judges.
_____

William Earl Wright, a federal prisoner appearing pro se, filed a "Motion to

Correct a Plain Error," which the district court treated as an unauthorized second or

successive 28 U.S.C. § 2255 motion and dismissed for lack of jurisdiction. To appeal

from that decision, Wright must obtain a certificate of appealability (COA). *See United*

*States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). For the reasons that follow, we

deny a COA and dismiss the matter.

In August 2010, Wright pleaded guilty to one count of conspiracy to distribute

cocaine base. He was sentenced under the United States Sentencing Guidelines as a

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

career offender based on two prior drug convictions. Consistent with the terms of his plea agreement, Wright did not file a direct appeal.

In June 2016, Wright filed his first § 2255 motion (D.C. No. 6:16-cv-00258-RAW), challenging his career-offender Guidelines sentence based on the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016). The district court denied the motion. The court first explained that the *Johnson* Court held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague, but Wright was not sentenced under the ACCA's residual clause. Instead, Wright was sentenced as a career offender under the Guidelines based on two prior drug convictions. The court therefore concluded that Wright was not entitled to sentencing relief under *Johnson*. The court next explained that Wright could not rely on the *Mathis* decision for relief because it did not announce a new rule of law and was therefore not retroactively applicable to cases on collateral review, citing to this court's decision in *United States v. Taylor*, 672 F. App'x 860 (10th Cir. 2016). Wright did not seek to appeal from the denial of his § 2255 motion.

In February 2017, Wright filed a motion for reconsideration, which the district court treated as an unauthorized second or successive § 2255 motion and dismissed for lack of jurisdiction. Wright did not seek a COA to appeal from that dismissal.

In June 2017, Wright filed a second § 2255 motion (D.C. No. 6:17-cv-00227-RAW), which the district court dismissed as an unauthorized second or successive § 2255 motion. He did not seek a COA to appeal from that dismissal; instead, in August 2017, Wright filed the underlying "Motion to Correct a Plain Error," which the district court

2

treated as an unauthorized second or successive 28 U.S.C. § 2255 motion and dismissed for lack of jurisdiction.

Wright now seeks a COA[1] to appeal from the dismissal of his motion. To obtain a COA, Wright must show at a minimum that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). He has not made this showing.

A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id*. § 2255(h). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Although Wright styled his pleading as a motion to correct a plain error, "[i]t is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). As we have explained:

> A § 2255 motion is one claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

*Id*. at 1148 (internal quotation marks omitted).

In his motion to correct a plain error, Wright argued that he was erroneously sentenced as a career offender, requested that his career-offender enhancement be

---

[1] We construe Wright's "Opening Pro se Brief" as a request for a COA.

vacated, and asked the court to reduce his sentence from 153 months to 84 months. He again asserted that he was entitled to relief under *Mathis*. His motion to correct a plain error clearly sought to challenge his sentence, it was his third attempt to do so after his initial § 2255 motion was denied, and he had not received authorization from this court to file a successive § 2255 motion. In Wright's request for a COA, he continues to argue the merits of his request for sentencing relief and fails to adequately address how the district court erred in dismissing his motion for lack of jurisdiction.

Given these circumstances, reasonable jurists could not debate the district court's decision to treat Wright's motion as an unauthorized second or successive § 2255 motion and to dismiss it for lack of jurisdiction. Accordingly, we deny Wright's request for a COA.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

4