**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL JACOBY,

    Defendant - Appellant.

No. 19-1438
(D.C. Nos. 1:19-CV-02467-KHV &
1:10-CR-00502-KHV-1)
(D. Colo.)

_____

**ORDER\***
_____

Before **HOLMES**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Michael Jacoby, proceeding pro se, seeks a certificate of appealability (COA) to appeal from the district court's order dismissing for lack of jurisdiction his motion for relief under 28 U.S.C. § 2255. He also requests in the alternative that this court grant him authorization to file a second or successive § 2255 motion. We deny both a COA and authorization.

### I.    Background

Jacoby was convicted in 2012 of eleven counts of wire fraud, three counts of money laundering, and two counts of bank fraud, and was sentenced to 108 months'

---

\* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment and five years of supervised release. This court affirmed his convictions and sentence on direct appeal. *United States v. Zar*, 790 F.3d 1036, 1059 (10th Cir. 2015). He filed his first § 2255 motion in 2016, challenging his conviction on four different grounds. The district court denied relief and we denied a COA. *United States v. Jacoby*, 750 F. App'x 689 (10th Cir. 2018).

Jacoby filed the § 2255 motion at issue here in 2019. He claimed he had newly discovered evidence that, if presented to the jury, would have established his actual innocence. Because Jacoby filed this successive § 2255 motion without authorization from this court, the district court dismissed it for lack of jurisdiction. In the same order, the district court denied a COA and declined to transfer the motion to this court, noting that Jacoby's claims were not meritorious because his new evidence was not newly discovered.

## II.    COA

To appeal the district court's dismissal of his motion, Jacoby must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(B); *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). We liberally construe his pro se opening brief and application for a COA. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002). To obtain a COA where, as here, a district court has dismissed a filing on procedural grounds, the movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address the constitutional question if

we conclude that reasonable jurists would not debate the district court's resolution of the procedural one. *Id.* at 485.

A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id.* § 2255(h). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

In his application for a COA to this court, Jacoby does not dispute that he previously filed a § 2255 motion and that he did not obtain authorization from this court to file another one. Nor does he explain how the district court erred in its procedural ruling dismissing the motion for lack of jurisdiction. Instead, he argues the merits of his underlying newly discovered evidence claims. Because Jacoby has not shown that jurists of reason would debate whether the district court's procedural ruling was correct, we deny a COA.

### III. <u>Authorization</u>

In the alternative, Jacoby seeks authorization to file a second or successive § 2255 motion based on new evidence. To be entitled to authorization, he must show that he has "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1). But he does not offer any newly discovered evidence. Instead, he points to evidence that pre-dates his conviction and that he knew about long before he filed his

3

first § 2255 motion. Indeed, much of the supposedly new evidence he relies on in the motion at issue here is the same evidence that underpinned the ineffective assistance of counsel claims he raised in his first motion. Because he has not identified any newly discovered evidence, much less any that would establish his actual innocence, he has failed to meet the standard for authorization in § 2255(h)(1).

## IV.   Conclusion

We deny both a COA and Jacoby's alternative request for authorization. The denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E). We grant Jacoby's motion for leave to proceed on appeal without prepayment of costs and fees.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

4