**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 11, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
———————————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOHNNY SCOTT WARREN,

    Defendant - Appellant.

No. 20-1088
(D.C. Nos. 1:20-CV-00378-CMA &
1:07-CR-00354-CMA-1)
(D. Colo.)

———————————————————

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
———————————————————

Before **TYMKOVICH**, Chief Judge, **KELLY** and **McHUGH**, Circuit Judges.
———————————————————

Johnny Scott Warren seeks a certificate of appealability (COA) to appeal from the

district court's dismissal of his 28 U.S.C. § 2255 motion as an unauthorized successive

§ 2255 motion.[1]  We deny a COA and dismiss this matter.

Mr. Warren was convicted of narcotics and firearms violations and sentenced to

240 months' imprisonment.  After this court affirmed, *see United States v. Warren*,

566 F.3d 1211, 1218 (10th Cir. 2009), Mr. Warren filed numerous unsuccessful collateral

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] This court issued an order questioning whether this appeal falls under a previous sanctions order against Mr. Warren, *see In re Warren*, No. 15-1145 (10th Cir. May 21, 2015) (unpublished order), and the question was referred to this panel.  We conclude that the sanctions order does not extend to this appeal.

challenges, including multiple § 2255 motions and multiple motions for authorization to file second or successive § 2255 motions. This matter concerns a February 2020 § 2255 motion arguing that Mr. Warren's narcotics conviction is in violation of his Fourth, Fifth, and Sixth Amendment rights as the product of an unconstitutional search, ineffective assistance of trial and appellate counsel, and errors by this court in his direct appeal. The district court held that the filing was an unauthorized successive § 2255 motion and declined to transfer the filing to this court for authorization, instead dismissing it for lack of jurisdiction.

To appeal, Mr. Warren must obtain a COA. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). That requires him to show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the latter part of the test is determinative: no reasonable jurist could debate the district court's procedural decision to dismiss the motion for lack of jurisdiction.

Mr. Warren is well aware that, having already pursued relief under § 2255, he must obtain this court's authorization before filing another § 2255 motion in the district court. *See* 28 U.S.C. § 2255(h). He did not do so, and therefore the district court lacked jurisdiction to consider the motion. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). Mr. Warren's assertion that the restrictions on successive § 2255 motions are an unconstitutional suspension of the writ of habeas corpus is meritless.

*See Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Hale v. Fox*, 829 F.3d 1162, 1176 (10th Cir. 2016).

We grant Mr. Warren's motion to proceed without prepayment of costs or fees. But because no reasonable jurist could debate the district court's decision to dismiss Mr. Warren's successive § 2255 motion for lack of jurisdiction, *see Cline*, 531 F.3d at 1251, or its decision to dismiss rather than to transfer the filing to this court for authorization, *see id.* at 1252, we deny a COA and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk