**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 23, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAVID WELLINGTON,

    Defendant - Appellant.

No. 25-2001
(D.C. No. 1:21-CR-00853-WJ-JMR-1)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **HARTZ**, **BACHARACH**, and **EID**, Circuit Judges.
_____

After the district court sentenced David Wellington based on his guilty plea, he filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Mr. Wellington did not want to report to prison while his motion was pending, so he asked the district court to suspend or vacate his self-surrender date until after it ruled on the motion. His request was denied on January 9, 2025, so he reported to prison. The § 2255 motion is still pending.

Mr. Wellington then filed the following documents in this court: (1) a notice of appeal from the district court's order denying his motion to suspend or vacate his

---

* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

self-surrender date dated January 9, 2025 ("January 9 order"); (2) an application for a certificate of appealability ("COA") for the still-pending § 2255 motion; and (3) an emergency motion under Federal Rule of Appellate Procedure 23 to continue release pending a decision on his § 2255 motion, which this court denied on January 21, 2025. His filings are difficult to follow,[1] but he seems to be asking us to grant one of two alternative forms of relief.

First, Mr. Wellington seeks release pending a ruling on his § 2255 motion on the ground that he has shown exceptional circumstances. But we have already applied the exceptional-circumstances standard in denying his Rule 23 motion and concluded he has not satisfied it:

> To obtain release pending appeal, a habeas petitioner must show "exceptional circumstances" or "a clear case on the merits of the habeas petition." *Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981). Mr. Wellington has not demonstrated his entitlement to continued release under this standard. We therefore deny his motion.

Order (10th Cir. Jan. 21, 2025). Mr. Wellington asks us to reconsider this ruling. *See* Reply Br. at 3. But his additional arguments in favor of release in his later filings have not persuaded us that release is justified.

Mr. Wellington also asks us to deem his § 2255 motion denied and to grant him a COA. It is clear from the language of the district court's January 9 order, he

---

[1] Mr. Wellington appears pro se, so "we construe his filings liberally." *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010). Even so, we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

says, that it has already made up its mind on the merits of his § 2255 motion, so denial of the motion is a formality. *See* R. vol. 1 at 228 (Notice of Appeal referencing the "de facto denial" of the § 2255 motion); Appl. for COA at 3 ("Although the district court claimed it was 'declining to decide' the 2255 motion, it nonetheless did determine the motion lacked merit for purposes of self-surrender."); *id.* at 4 ("The district court denied the [§ 2255] motion, concluding the motion 'did not afford any basis' to delay self-surrender. In other words, the court concluded the § 2255 motion lacks merit. Although the motion was not officially dismissed, the district court has determined the motion lacks merit. A subsequent official dismissal is therefore a mere formality.").

We lack jurisdiction to review the district court's statements in the January 9 order about Mr. Wellington's pending § 2255 motion or to consider his premature COA application. Under 28 U.S.C. § 2253(c)(1)(B), we only have jurisdiction to review a "final order" resolving a § 2255 motion. To be final, a decision must "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." *United States v. Harper*, 545 F.3d 1230, 1232 (10th Cir. 2008) (internal quotation marks omitted). In other words, "the district court's decision [must have] effectively terminated the petitioner's ability to proceed before that court." *Id.* at 1233. An order is not final if it "plainly contemplate[s]" "further proceedings on the merits of an issue." *In re Grand Jury Proceedings*, 616 F.3d 1186, 1194 (10th Cir. 2010) (internal quotation marks and brackets omitted). That standard is not met here. In the January 9 order, the district court explicitly said that it was "not ruling on the Defendant's § 2255 motion at this time."

3

R. vol. 1 at 224.  And the motion remains pending on the district court's docket in

*Wellington v. United States*, No. 1:24-cv-01279-WJ-JMR (D.N.M. Dec. 19, 2024).

We grant Mr. Wellington's motion for leave to file a reply brief.  The Clerk is

directed to file the reply brief as of the date it was received.

We deny his request for a COA and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk