FILED
United States Court of Appeals
Tenth Circuit

June 14, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RAMON ORTIZ-SALGADO,

      Petitioner-Appellant,

v.

MR. POLK, Warden, S.C.F.; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 13-1153
(D.C. No. 1:13-CV-00282-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **KELLY** and **TYMKOVICH**, Circuit Judges.

Ramon Ortiz-Salgado, a state prisoner proceeding pro se, seeks to appeal the

district court's dismissal of his habeas petition filed under 28 U.S.C. § 2254 for lack

of jurisdiction. We deny a certificate of appealability (COA) and dismiss this

proceeding.

In order to pursue an appeal, Ortiz-Salgado must obtain a COA. *See Montez v.*

*McKinna*, 208 F.3d 862, 866-67 (10th Cir. 2000) (holding state prisoner must obtain

COA to appeal final order in habeas corpus proceeding); *cf. United States v. Harper*,

---

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

545 F.3d 1230, 1233 (10th Cir. 2008) (holding federal prisoner must obtain COA to appeal district court's dismissal of unauthorized second-or-successive motion under 28 U.S.C. § 2255 for lack of jurisdiction). Because the district court's ruling rested on procedural grounds, Ortiz-Salgado must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

"A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). The district court found that Ortiz-Salgado had previously filed a § 2254 habeas petition challenging the same state criminal conviction. *See* Application for Writ of Habeas Corpus, *Ortiz-Salgado v. Watkins*, No. 1:01-CV-00012-WYD (D. Colo. Jan. 8, 2002). After the district court denied the petition, this court denied a COA. *See Ortiz-Salgado v. Watkins*, No. 02-1044, slip. op. (10th Cir. June 25, 2002). Therefore, the district court concluded that it lacked jurisdiction over Ortiz-Salgado's current § 2254 habeas petition because it is second or successive and he had not obtained this court's authorization to file it.

We liberally construe Ortiz-Salgado's pro se application for a COA. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002). But he makes no claim that the

district court erred in holding that he previously filed a § 2254 habeas petition and that his current petition challenges the same state conviction. Rather, he restates his various claims for relief from that conviction.

Because Ortiz-Salgado fails to show that jurists of reason would find it debatable whether the district court's procedural ruling was correct, we deny his application for a COA and dismiss the appeal. We also deny his motion to proceed without prepayment of costs and fees because he has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised. Therefore, any unpaid amounts of the filing and docketing fees are now due.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 3 -