FILED
United States Court of Appeals
Tenth Circuit

April 16, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CRAIG S. WILSON,

      Petitioner - Appellant,

v.

REX PRYOR; DEREK SCHMIDT,
Attorney General of the State of Kansas,

      Respondents - Appellees.

No. 14-3012
(D.C. No. 5:14-CV-03003-SAC)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

---

Craig S. Wilson, a state prisoner proceeding pro se, seeks to appeal the district court's dismissal of his habeas petition filed under 28 U.S.C. § 2254 for lack of jurisdiction. We deny a certificate of appealability (COA) and dismiss this proceeding.

To pursue an appeal, Wilson must obtain a COA. *See Montez v. McKinna*, 208 F.3d 862, 866-67 (10th Cir. 2000) (holding state prisoner must obtain COA to appeal final order in habeas corpus proceeding); *cf. United States v. Harper*, 545 F.3d

---

[*]     This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

1230, 1233 (10th Cir. 2008) (holding federal prisoner must obtain COA to appeal district court's dismissal of unauthorized second-or-successive motion under 28 U.S.C. § 2255 for lack of jurisdiction).  Because the district court's ruling rested on procedural grounds, Wilson must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

"A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization."  *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).  The district court found that Wilson had previously filed two § 2254 habeas petitions challenging the same state criminal conviction.  R. at 33.  Therefore, the court concluded that it lacked jurisdiction over Wilson's current § 2254 habeas petition because it is second or successive and he had not obtained this court's authorization to file it.

We liberally construe Wilson's pro se application for a COA.  *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).  But he makes no claim that the district court erred in holding that he filed previous § 2254 habeas petitions and that his current petition challenges the same state conviction.  Rather, he restates his various claims for relief from that conviction.

Wilson complains that his constitutional rights have been violated, yet the district court failed to examine the grounds of his habeas petition.  But having filed a

first § 2254 petition, Wilson must now seek this court's authorization to file a second or successive petition. And we may authorize a claim only if satisfies the requirements of 28 U.S.C. § 2244(b).

Because Wilson fails to show that jurists of reason would find it debatable whether the district court's procedural ruling was correct, we deny his application for a COA and dismiss the appeal.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk