FILED
United States Court of Appeals
Tenth Circuit

June 12, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JACOB RAMON SILVA,

      Defendant-Appellant.

No. 14-2036
(D.C. Nos. 1:14-CV-00101-JCH-LAM &
1:07-CR-00787-JCH-1)
(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **HARTZ**, and **TYMKOVICH**, Circuit Judges.


Jacob Ramon Silva, a federal prisoner proceeding pro se, seeks to appeal the

district court's dismissal for lack of jurisdiction of his motion filed pursuant to

28 U.S.C. § 2255. We deny a certificate of appealability (COA) and dismiss this

proceeding.

Silva pleaded guilty to being a felon in possession of firearms and

ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and was sentenced

under the Armed Career Criminal Act. He appealed his sentence, and we affirmed

the district court's judgment in June 2010. *United States v. Silva*, 608 F.3d 663, 664

---

[*]     This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(10th Cir. 2010).  Silva filed a § 2255 motion to vacate in February 2012.  The district court denied the motion and dismissed that proceeding with prejudice.

Silva then filed another § 2255 motion to vacate in February 2014, which the district court dismissed for lack of jurisdiction as an unauthorized second or successive § 2255 motion.  Silva filed a notice of appeal.

Silva must obtain a COA to pursue an appeal.  *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008).  Because the district court's ruling rests on procedural grounds, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  We liberally construe Silva's pro se application for a COA.  *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

The district court does not have jurisdiction to address the merits of an unauthorized second or successive § 2255 motion.  *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).  Silva does not dispute that he previously filed a first § 2255 motion and that he has not sought authorization from this court to file a second or successive § 2255 motion.

Silva initially argues that his latest § 2255 motion is not second or successive because his first motion was not denied "with prejudice."  But the district court's judgment clearly indicates Silva's previous § 2255 proceeding was dismissed with

prejudice. *See* Judgment, *United States v. Silva*, No. 1:07-CR-00787-JCH-1 (September 12, 2012) (Docket Entry 64).

Silva also contends that the district court erred in dismissing his motion because he filed it under the savings clause in § 2255(e).

> [F]ederal prisoners who are barred from bringing second or successive § 2255 motions may still be able to petition for habeas relief under [28 U.S.C.] § 2241 through the mechanism of § 2255(e)'s savings clause. To fall within the ambit of the savings clause and so proceed to § 2241, a prisoner must show that the remedy by motion under § 2255 is inadequate or ineffective to test the legality of his detention.

*Abernathy v. Wandes*, 713 F.3d 538, 547 (10th Cir. 2013) (internal quotation marks and brackets omitted), *cert. denied*, 134 S. Ct. 1874 (2014). A petitioner's remedy under § 2255 is not inadequate if his "argument challenging the legality of his detention could have been tested in an initial § 2255 motion." *Id.*

Silva is correct that the district court did not construe his motion as being filed under the § 2255(e) savings clause. Rather, the court concluded it was a second or successive motion filed under § 2255 and dismissed it as unauthorized. Jurists of reason would not debate the correctness of the district court's procedural ruling. First, Silva did not mention § 2255(e), much less § 2241, in his motion. Second, he did not attempt to argue that his remedy under § 2255 was inadequate or ineffective, which is a prerequisite to application of the savings clause. And finally, Silva was incarcerated in Texas at the time he filed his motion, *see* R. at 9, but he filed the motion in the District of New Mexico, where he was sentenced. A § 2241 petition "must be filed in the federal judicial district of the prisoner's incarceration," while

- 3 -

§ 2255 motions "must be filed in the district in which the prisoner was sentenced." *Abernathy*, 713 F.3d at 542 n.2.

We deny Silva's application for a COA and dismiss the appeal. We grant his motion to proceed without prepayment of costs and fees.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk