**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 27, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARTIN ARRENDONDO-
VALENZUELA,

Defendant-Appellant.

No. 09-3350
(D.C. No. 2:08-CR-20160-KHV-2)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

Pursuant to a plea agreement, Martin Arrendondo-Valenzuela pleaded

guilty to conspiracy to distribute and to possess with intent to distribute fifty

grams or more of methamphetamine. The district court determined that the

defendant's advisory guideline range was 360 months to life imprisonment, and

imposed a sentence at the low end of 360 months' imprisonment. Although the

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

plea agreement contained a waiver of his appellate rights, defendant filed a notice of appeal.

The government has moved to enforce the plea agreement based on defendant's appellate waiver. Under *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam), we will enforce an appellate waiver if (1) the "appeal falls within the scope of the waiver of appellate rights;" (2) "the defendant knowingly and voluntarily waived his appellate rights;" and (3) "enforcing the waiver would [not] result in a miscarriage of justice." In response to the government's motion, defendant's counsel filed a response stating that he can find no basis for an appeal of the sentence imposed or to oppose the government's motion to enforce the plea agreement. Based on our review, we conclude that defendant cannot establish any of the applicable exceptions to enforcement of his appeal waiver.

Accordingly, we GRANT the government's motion to enforce and DISMISS this appeal.

ENTERED FOR THE COURT
PER CURIAM