**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARTIN ARRENDONDO-
VALENZUELA,

    Defendant - Appellant.

No. 17-3014
(D.C. Nos. 2:16-CV-02480-KHV &
2:08-CR-20160-KHV-2)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **PHILLIPS**, Circuit Judges.
_____

Martin Arrendondo-Valenzuela, a federal prisoner proceeding without the assistance of counsel, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his motion under 28 U.S.C. § 2255 as an unauthorized second or successive § 2255 motion. We deny a COA and dismiss this matter.

In 2009, Mr. Arrendondo-Valenzuela pleaded guilty via plea agreement to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846. He was sentenced to 360 months in prison. On direct appeal, we dismissed the appeal on the

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

government's motion to enforce a waiver of appeal in Mr. Arrendondo-Valenzuela's plea agreement. *See United States v. Arrendondo-Valenzuela*, 380 F. App'x 755, 756 (10th Cir. 2010) (unpublished) (per curiam). His first § 2255 motion was denied.

Mr. Arrendondo-Valenzuela filed a second § 2255 motion in 2016, arguing that his sentence under § 841 was now illegal under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The court concluded it lacked jurisdiction and dismissed the motion as an unauthorized second or successive § 2255 motion that should first be filed in this court. The district court declined to transfer the motion to this court, noting that the Armed Career Criminal Act at issue in *Johnson* did not apply to Mr. Arrendondo-Valenzuela's sentence because no prior crime of violence was considered in calculating his base offense level. Mr. Arrendondo-Valenzuela filed a notice of appeal.

To appeal, Mr. Arrendondo-Valenzuela must obtain a COA. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). Where, as here, a district court has dismissed a filing on procedural grounds, for a COA the movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not consider the merits aspect of the *Slack* test because Mr. Arrendondo-Valenzuela has not satisfied the procedural aspect.

Even reviewing his application with the liberality due pro se applicants, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), there is nothing debatable about the district court's procedural ruling. A second or successive § 2255 motion must be filed in

"the appropriate court of appeals," which would then consider whether the movant has identified "newly discovered evidence" or "a new rule of constitutional law." 28 U.S.C. § 2255(h); *see also In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted the required authorization."). In his COA brief, Mr. Arrendondo-Valenzuela makes no effort to show why the district court was incorrect in its ruling on his second or successive motion; he merely argues ineffective assistance of counsel and sentencing error, not even mentioning *Johnson*, the basis of the underlying § 2255 motion. We therefore discern no error in the district court's determination. The COA is denied and the matter is dismissed.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

3