**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KEITH MCDANIEL,

    Defendant - Appellant.

No. 17-3271
(D.C. Nos. 2:13-CV-02083-JWL &
2:07-CR-20168-JWL-22)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Keith McDaniel, a federal prisoner appearing pro se, filed a "Motion to Suppress the Contents of Wire Intercepts," which the district court treated as an unauthorized second or successive 28 U.S.C. § 2255 motion and dismissed for lack of jurisdiction. To appeal from that decision, Mr. McDaniel must obtain a certificate of appealability (COA). *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). For the reasons that follow, we deny a COA and dismiss the matter.

Mr. McDaniel and twenty-three other individuals were charged with conspiring to distribute cocaine. At trial, the district court admitted into evidence multiple recorded telephone conversations between the alleged conspirators that had been intercepted

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

through wiretaps. Seven of these conversations involved Mr. McDaniel. The jury ultimately found Mr. McDaniel guilty of conspiracy. He appealed, arguing that the trial court erred in admitting the recorded conversations. We disagreed and affirmed his conviction. *See United States v. McDaniel*, 433 F. App'x 701, 702 (10th Cir. 2011) (per curiam).

Mr. McDaniel then filed a pro se 28 U.S.C. § 2255 motion, arguing that he received ineffective assistance of trial and appellate counsel. The district court denied the motion and we denied Mr. McDaniel's request for a COA.

In October 2017, Mr. McDaniel filed the underlying "Motion to Suppress the Contents of Wire Intercepts." The district court determined that "[r]egardless of how he characterizes his motion, the substance of the arguments asserted in Mr. McDaniel's motion may only be asserted pursuant to 28 U.S.C. § 2255 because he is reasserting a challenge to his underlying conviction." R., Vol. 1 at 40-41. Because Mr. McDaniel had not obtained authorization from this court to file a successive § 2255 motion, the district court dismissed the motion for lack of jurisdiction.

Mr. McDaniel now seeks a COA to appeal from the dismissal of his motion. To obtain a COA, he must show at a minimum that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). He has not made this showing.

A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id*. § 2255(h). Absent such authorization, a district

2

court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Although Mr. McDaniel styled his pleading as a motion to suppress, "[i]t is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). As we have explained:

> A § 2255 motion is one claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

*Id*. at 1148 (internal quotation marks omitted).

In his motion to suppress, Mr. McDaniel argued that his "conviction and sentence were obtained through the unlawful wiretaps by conversations recorded absent legal authority." Supp. R. at 7. His motion to suppress clearly sought to challenge his conviction and sentence, and he had not received authorization from this court to file a successive § 2255 motion.

In Mr. McDaniel's request for a COA, he continues to argue the merits of his motion to suppress and fails to adequately address how the district court erred in treating his motion as a successive § 2255 motion and dismissing it for lack of jurisdiction. He asserts that "it is in the [district court's] discretion to entertain the motion, personally knowing the d[e]fendant was not aware of the grounds for the motion." COA App. at 7. But it is not in the district court's discretion to entertain a successive § 2255 motion when it has not been authorized by this court. *See In re Cline*, 531 F.3d at 1251.

3

Given these circumstances, reasonable jurists could not debate the district court's decision to treat Mr. McDaniel's motion as an unauthorized second or successive § 2255 motion and to dismiss it for lack of jurisdiction. Accordingly, we deny Mr. McDaniel's request for a COA. We also deny Mr. McDaniel's motion to supplement the record with his addendum.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

4