**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 13, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ELLISTON CALLWOOD,

    Defendant - Appellant.

No. 18-2000
(D.C. Nos. 1:17-CV-00874-JAP &
1:92-CR-00552-JAP-LF-1)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BRISCOE** and **MORITZ**, Circuit Judges.
_____

Elliston Callwood requests a certificate of appealability (COA) to appeal from the district court's dismissal of his post-judgment motions as unauthorized second or successive 28 U.S.C. § 2255 motions. We deny a COA and dismiss this matter.

Mr. Callwood unsuccessfully pursued a direct appeal and a § 2255 motion after being convicted of drug and firearms offenses. Since then, he has filed numerous motions before the district court and this court. This matter concerns a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct to Restore a Direct Appeal— Reinstate" and a "Motion to Correct Error / Motion to Take Judicial Notice" challenging his firearms convictions. Mr. Callwood asserted his new § 2255 motion was "not a

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

successive motion as he has never before moved any Court to reinstate his Direct Appeal rights[.]" R., Vol. 3 at 35. The district court disagreed, determined the motions were unauthorized second or successive § 2255 motions, and dismissed them for lack of jurisdiction. *See* 28 U.S.C. § 2255(h); *In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008) (per curiam).

To appeal from the district court's decision, Mr. Callwood must obtain a COA. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). That requires him to show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Before this court, Mr. Callwood focuses on the merits of his underlying claims regarding his firearms convictions. We do not consider the merits, however, because no reasonable jurist could debate the district court's procedural decision to dismiss the motions for lack of jurisdiction.

Having had several post-judgment motions dismissed by the district court and at least three motions for authorization denied by this court, Mr. Callwood should be well aware that he requires this court's prior authorization before filing another § 2255 motion in the district court. *See* 28 U.S.C. § 2255(h). Equally, he should be well aware that the district court does not have jurisdiction to consider an unauthorized second or successive § 2255 motion. *See Cline*, 531 F.3d at 1251. Because Mr. Callwood challenged the validity of his firearms convictions by alleging error in previous rulings and arguing grounds for relief from the convictions, no reasonable jurist could debate the district

2

court's decisions that the claims were subject to the restrictions of § 2255(h). *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (holding that a motion that "attacks the federal court's previous resolution of a [habeas] claim on the merits" is subject to the restrictions on second or successive motions (emphasis omitted)); *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) (stating that "[a] § 2255 motion is one claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States" (internal quotation marks omitted)).  Further, no reasonable jurist could debate that dismissal rather than transfer was an appropriate disposition.  *See Cline*, 531 F.3d at 1252.

Mr. Callwood's motion to proceed without prepayment of costs and fees is granted.  But under 28 U.S.C. § 1915(a) and (b)(1), only *prepayment* is excused, and Mr. Callwood remains obligated to pay the full amount of costs and fees.  Accordingly, he shall continue making partial payments until that obligation is satisfied.  A COA is denied and this matter is dismissed.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk