FILED
United States Court of Appeals
Tenth Circuit

January 23, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TAWNY BRYCE SAVAGE,

    Defendant - Appellant.

No. 18-6191
(D.C. Nos. 5:16-CV-00082-HE &
5:14-CR-00158-HE-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY\***
_____

Before **BRISCOE**, **KELLY**, and **O'BRIEN**, Circuit Judges.
_____

    Tawny Bryce Savage, a federal prisoner appearing pro se, filed a Fed. R. Civ. P. 60(b) motion to "correct her sentence." R., Vol. II at 284. The district court construed the Rule 60(b) motion as an unauthorized second or successive 28 U.S.C. § 2255 motion and dismissed it for lack of jurisdiction. To appeal from that decision, Ms. Savage must obtain a certificate of appealability (COA). *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). For the reasons that follow, we deny a COA and dismiss the matter.

---

    \* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. Savage was convicted of three criminal charges in two cases—in the first case she was convicted of possession with intent to distribute methamphetamine and possessing a firearm after conviction of a felony. In the second case, she was convicted of theft of government funds. She was sentenced to a total term of imprisonment of 78 months. The convictions were based on guilty pleas pursuant to plea agreements. She did appeal, but later withdrew her appeals after the government moved to enforce the appeal waivers in her plea agreements. She then filed motions to vacate or correct her sentences under § 2255, which were denied.

Ms. Savage then filed the underlying Rule 60(b) motion. The district court determined the Rule 60(b) motion was an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction.

Ms. Savage filed an opening brief, which we construe as a request for a COA to appeal from the dismissal of her motion. To obtain a COA, she must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Ms. Savage has failed to make this showing.

A prisoner may not file a second or successive § 2255 motion unless he or she first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id*. § 2255(h). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

2

A Rule 60(b) motion should be treated as a second or successive § 2255 motion if it challenges the defendant's conviction or sentence rather than a procedural error in the prior § 2255 proceeding. *See United States v. Nelson*, 465 F.3d 1145, 1147-49 (10th Cir. 2006); *see also Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) ("A 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction.")

In her Rule 60(b) motion, Ms. Savage argued she was entitled to sentencing relief because she was erroneously assessed three criminal history points for a prior federal case from 1995 and her attorney failed to object. She also argued her attorney erroneously stated in her sentencing memorandum that she was convicted of a weapons charge. In concluding the Rule 60(b) motion should be construed as a successive § 2255 motion, the district court observed that "[n]ot only is defendant challenging her sentence in her motion, she is reasserting a federal basis for relief," and noted that Ms. Savage had previously raised these same arguments in a prior § 2255 motion. R., Vol. I at 24. Because Ms. Savage had not obtained the proper authorization from this court to file a successive § 2255 motion, the district court dismissed the Rule 60(b) motion for lack of jurisdiction.

In her request for a COA, Ms. Savage asserts the district court failed to rule on the merits of the claims she raised in her § 2255 motion. She then states that arguments challenging the district court's failure to rule on certain claims are properly brought in a Rule 60(b) motion. While it is true that an argument that the district court failed to consider a habeas claim "asserts a defect in the integrity of the federal habeas

3

proceedings," and is properly brought in a Rule 60(b) motion, *Spitznas*, 464 F.3d at 1225, Ms. Savage did not actually raise this argument in her Rule 60(b) motion. Instead, she simply stated she filed a § 2255 motion and the district court "denied said relief." R., Vol. II at 284. The arguments in her Rule 60(b) motion all related to alleged sentencing errors and ineffective assistance of counsel in relation to her sentencing.

All of Ms. Savage's arguments in her Rule 60(b) motion asserted or reasserted a federal basis for relief from her sentence. Such arguments are properly brought in a § 2255 motion, not a Rule 60(b) motion. Ms. Savage previously filed a § 2255 motion and she did not receive authorization from this court to file a successive § 2255 motion. Reasonable jurists could not debate the correctness of the district court's procedural ruling to construe Ms. Savage's Rule 60(b) motion as an unauthorized second or successive § 2255 motion and dismiss it for lack of jurisdiction. Accordingly, we deny Ms. Savage's request for a COA and dismiss this matter.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk