FILED
United States Court of Appeals
Tenth Circuit

August 13, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

THOMAS GUY CARAWAY,

    Defendant - Appellant.

No. 19-3110
(D.C. No. 5:06-CR-40138-DDC-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**\*
_____

Before **BRISCOE**, **HARTZ**, and **MORITZ**, Circuit Judges.
_____

Thomas Guy Caraway, a federal prisoner proceeding pro se, seeks to appeal the

district court's dismissal in part and denial in part of a post-judgment motion he

captioned _Motion to Dismiss Void March 6, 2019, Memorandum and Order of Court or

in Alternative Motion for Reconsideration of Order_ (hereafter, "_Motion to Dismiss_").

We deny a certificate of appealability ("COA") and dismiss the matter.

Caraway was convicted in 2007 of causing an explosive device to be delivered by

U.S. Mail and possessing an explosive device during and in relation to a crime of

violence. He was sentenced to 30 years' imprisonment. This court affirmed. Caraway

---

    \* This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

filed his first 28 U.S.C. § 2255 motion in 2009. The district court denied relief, and we denied a COA. Caraway filed a second § 2255 motion in 2016, which the district court dismissed for lack of jurisdiction.

Earlier this year, Caraway filed a motion captioned *Motion to Reopen Closed Case*, in which he asserted that no proper warrant existed for his arrest in 2006. In a March 6 order, the district court dismissed that motion for lack of jurisdiction as an unauthorized second or successive § 2255 motion. In response, Caraway filed his *Motion to Dismiss*. In a May 8 order, the district court held this motion was an unauthorized second or successive § 2255 motion to the extent it sought relief from Caraway's convictions based upon an invalid arrest warrant. After declining to transfer the successive portion of Caraway's motion to this court under 28 U.S.C. § 1631, the court dismissed that portion of his motion for lack of jurisdiction.

Caraway's *Motion to Dismiss* also challenged the district court's jurisdiction to enter its March 6 order denying his *Motion to Reopen Closed Case* and argued that the court failed to liberally construe that previous pro se motion. The court liberally construed these contentions as properly brought under Fed. R. Civ. P. 60(b) because Caraway raised defects in the integrity of its March 6 order. The district court rejected both of Caraway's contentions, holding that the administrative closure of his § 2255 proceedings did not divest the court of jurisdiction to issue its March 6 order and that Caraway did not support his claim regarding the court's failure to liberally construe his previous motion. The district court therefore denied relief under Rule 60(b). Finally, the

court denied a COA as to all of Caraway's claims in his *Motion to Dismiss*. Caraway filed a notice of appeal only as to the district court's May 8 order. *See* R. at 433.

Caraway must obtain a COA to pursue an appeal. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008); *Spitznas v. Boone*, 464 F.3d 1213, 1217-18 (10th Cir. 2006) (holding a COA is required to appeal from the denial of a Rule 60(b) motion in a habeas case); *see also* 28 U.S.C. § 2253(c)(1)(B). We liberally construe Caraway's pro se opening brief and application for a COA. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002). Because the district court's rulings rested on procedural grounds, Caraway must show both "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We deny a COA. In his *Motion to Dismiss*, Caraway once again challenged the validity of the arrest warrant. Thus, because he asserted a federal basis for relief from his conviction, reasonable jurists would not debate the district court's holding that this portion of his motion was an unauthorized second or successive § 2255 motion over which the court lacked jurisdiction. *See United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). Nor would reasonable jurists debate the district court's ruling that Caraway failed to show a procedural error in the previously conducted § 2255 proceeding, specifically in the court's March 6 order denying his *Motion to Reopen Closed Case*. Finally, Caraway fails to show that reasonable jurists would debate

3

whether the district court abused its discretion in declining to transfer the successive portion of his motion to this court under § 1631.

Accordingly, we deny Caraway's application for a COA and dismiss the matter. We grant Caraway's application to proceed without prepayment of fees and costs.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk