**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**October 4, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

DAMION L. JOHNSON,

    Petitioner - Appellant,

v.

DAVID LOUTHAN,

    Respondent - Appellee.

No. 22-5064
(D.C. No. 4:22-CV-00285-GKF-CFL)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **HARTZ**, **PHILLIPS**, and **CARSON**, Circuit Judges.
_____

Damion L. Johnson filed an unauthorized second or successive habeas application

under 28 U.S.C. § 2254.  The district court dismissed the application for lack of

jurisdiction.  He now seeks a certificate of appealability (COA) to appeal the district

court's judgment.  We deny a COA and dismiss this matter.

**I.      Background**

Johnson is an Oklahoma prisoner proceeding pro se who was convicted in 1999 of

first-degree burglary and shooting with attempt to kill.  Following an unsuccessful direct

---

* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal, he filed a § 2254 habeas application in 2001. The district court denied relief, and we denied a COA. *Johnson v. Fatkin*, 111 F. App'x 999, 1000 (10th Cir. 2004).

Johnson filed another § 2254 application in 2022. The district court held that application was second or successive and unauthorized. It declined to transfer the application to this court to consider authorization and instead dismissed it for lack of jurisdiction. The court also denied Johnson's request to proceed in forma pauperis (ifp) because he had sufficient funds in his account to pay the filing fee. It ordered him to pay the fee or show cause for his failure to pay. Johnson paid the fee within the time allotted by the court. The district court subsequently denied all of Johnson's post-judgment motions, including those it construed as seeking to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).

## II.     Discussion

Johnson must obtain a COA to pursue his appeal. *See* 28 U.S.C. § 2253(c)(1)(A); *Montez v. McKinna*, 208 F.3d 862, 866-67 (10th Cir. 2000); *cf. United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (holding a federal prisoner must obtain a COA to appeal a district court's dismissal of an unauthorized second or successive motion under 28 U.S.C. § 2255 for lack of jurisdiction). Because the district court's ruling rested on procedural grounds, he must show *both* "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We liberally construe

2

Johnson's pro se application for a COA.  *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

### A.    District Court Lacked Jurisdiction

Reasonable jurists would not debate that the district court lacked jurisdiction to consider the merits of Johnson's § 2254 application because it was second or successive and unauthorized.  *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the court of appeals] has granted the required authorization.").  Johnson's § 2254 application challenged his 1999 conviction.  He does not dispute that he previously filed a § 2254 application challenging the same conviction.  Nor does he contend that this court granted him authorization to file a second or successive application.

Johnson argues the district court erred in dismissing his § 2254 application because his claim relies on both "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A), and a "factual predicate . . . [that] could not have been discovered previously through the exercise of due diligence," *id.* § 2244(b)(2)(B)(i).  But the court of appeals—not the district court—makes those determinations, *see id.* § 2244(b)(3), and it does so only upon the filing of a motion for authorization that "makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]," *id.* § 2244(b)(3)(C).  Johnson has not sought this court's authorization to file his second or successive § 2254 application.

3

**B.      Dismissal Instead of Transfer**

Reasonable jurists would also not debate the district court's discretionary decision

to dismiss rather than transfer Johnson's unauthorized second or successive § 2254

application to this court.

> When a second or successive § 2254 . . . claim is filed in the district court
> without the required authorization from this court, the district court may
> transfer the matter to this court if it determines it is in the interest of justice
> to do so under [28 U.S.C.] § 1631, or it may dismiss the . . . petition for
> lack of jurisdiction.

*Cline*, 531 F.3d at 1252.  The district court determined that "dismissal is more

appropriate given the substantial likelihood that Johnson's claims challenging his 1999

judgment are barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations."  R. at

99 n.2.

Section 2244(d)(1) establishes a one-year limitation period for filing a § 2254

application, triggered by that latest of the following:

> (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by
> State action in violation of the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly recognized
> by the Supreme Court and made retroactively applicable to cases on
> collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented
> could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  Johnson points, once again, to his contention that his

second or successive application is subject to authorization under § 2244(b)(2) because

his claim is based on a new rule of constitutional law, as well as a newly discovered factual predicate. We construe this argument as asserting the district court abused its discretion because his application could be timely under subsection (C) or (D).

Regarding Johnson's claim of a newly recognized constitutional right under § 2244(d)(1)(C), he argues the state court lacked jurisdiction to prosecute him because he is an Indian, the victim is an Indian, and the crimes occurred in Indian country. For this proposition he cites *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). In that case, the Supreme Court reversed an Indian's Oklahoma state-court conviction, holding that the offense occurred on the Creek reservation that Congress had not disestablished, and the crime was therefore subject to exclusive federal jurisdiction under the Major Crimes Act, 18 U.S.C. § 1153. *See* 140 S. Ct. at 2459-60, 2482. But "*McGirt* announced no new constitutional right. It self-professedly resolved a question of statutory interpretation . . . to determine" that Congress had not disestablished the Creek reservation. *Pacheco v. El Habti*, __ F.4th __, No. 20-7002, 2022 WL 4242131, at *8 (10th Cir. Sept. 15, 2022) (internal quotation marks omitted). Therefore, reasonable jurists would not debate that Johnson's § 2254 application raising such a claim would not be timely under § 2244(d)(1)(C).

Regarding Johnson's claim of a newly discovered predicate fact under § 2244(d)(1)(D), he asserts that Oklahoma fraudulently concealed the historical fact that Congress never disestablished the Creek reservation. To be sure, Oklahoma has a "long historical prosecutorial practice of asserting jurisdiction over Indians in state court, even for serious crimes on the contested lands." *McGirt*, 140 S. Ct. at 2470. But Oklahoma

5

could not "conceal" the historical fact Johnson relies upon:  the absence of an Act of Congress, which is the only place one may look "[t]o determine whether a tribe continues to hold a reservation."  *Id.* at 2462.  Thus, nothing prevented Johnson from asserting in his first § 2254 application a claim that the Oklahoma state court lacked jurisdiction because he is an Indian and the crime he committed occurred in Indian country.  The fact that he did not identify that argument earlier does not establish that he could not have done so through the exercise of diligence.  *Cf. Prost v. Anderson*, 636 F.3d 578, 588-89 (10th Cir. 2011) (holding a defendant could have included in his first § 2255 motion a statutory construction argument that the Supreme Court later vindicated in another defendant's § 2255 proceeding).  Finally, the absence of an Act of Congress disestablishing the Creek reservation has been known in this circuit since 2017, *see Murphy v. Royal*, 875 F.3d 896, 966 (10th Cir. 2017), *aff'd*, 140 S. Ct. 2412 (2020), yet Johnson did not file his second or successive § 2254 application until 2022.  We therefore conclude that reasonable jurists would not debate that Johnson's claim would not be timely under § 2244(d)(1)(D).[1]

Consequently, Johnson fails to show that reasonable jurists would debate whether the district court abused its discretion in choosing not to transfer his unauthorized second or successive § 2254 application to this court based upon the substantial likelihood that it would be untimely under § 2244(d)(1).

---

[1] We reach the same conclusion to the extent Johnson's contention is that the State created an unconstitutional impediment to the filing of his second or successive § 2254 application by fraudulently concealing that the Creek reservation has not been disestablished.  *See* § 2244(d)(1)(B).

**C.      Denial of Application to Proceed IFP**

Finally, reasonable jurists would not debate that the district court correctly denied

Johnson's request to proceed ifp in that court.  He fails to rebut the court's conclusion

that he had sufficient funds in his inmate account to pay the filing fee.[2]

**III.     Conclusion**

Because Johnson has not demonstrated that jurists of reason would debate the

correctness of the district court's procedural rulings, we deny a COA and dismiss this

matter.  We deny Johnson's application to proceed on appeal without prepayment of fees

and costs because he has sufficient funds in his inmate account with which to do so.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

---

[2] Johnson also seeks a COA to appeal the district court's denial of his motions construed as filed under Federal Rule of Civil Procedure 59(e).  We lack jurisdiction to consider that ruling because he failed to amend his notice of appeal or file a new notice of appeal after the court denied the relevant motions.  *See* Fed. R. App. P. 4(a)(4)(A)(iv) & (B)(ii); *Carolina Cas. Ins. Co. v. Burlington Ins. Co.*, 951 F.3d 1199, 1207 (10th Cir. 2020).