FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**October 24, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

ANTIONE DIRAY JOHNSON,

    Petitioner - Appellant,

v.

ROBERT PATTON,

    Respondent - Appellee.

No. 25-6084
(D.C. No. 5:14-CV-01263-SLP)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **TYMKOVICH**, **BALDOCK**, and **FEDERICO**, Circuit Judges.
_____

Petitioner Antione Johnson makes a fourth trip to the circuit in this appeal. Each

appeal stems from the district court's denial of his habeas petition challenging his state

conviction. And in each appeal, we have denied a certificate of appealability. We do so

again. Though Johnson has not explicitly requested a certificate of appealability, we

construe his notice of appeal as a request for a COA and **DENY** the request.

## I.    Background

A jury convicted Johnson of several counts of robbery with a dangerous weapon in

violation of Oklahoma law. Johnson challenged his conviction through both direct and

---

    * This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

collateral review in state court. But having failed to obtain relief in state court, he turned to federal court.

The district court denied his initial habeas petition because the evidence before the state court was sufficient to sustain his conviction. It also found that an expanded evidentiary hearing in the federal district court was barred because Johnson had a full and fair opportunity to bring his Fourth Amendment claim in state court. Johnson appealed, and we denied Johnson's request for a COA. Undeterred, Johnson filed a second habeas petition. The district court denied the petition for lack of jurisdiction because Johnson had not obtained authorization to bring a second petition. *See* 28 U.S.C. § 2244(b)(3)(A). Johnson appealed, and we denied a COA. Johnson yet again filed a third petition, which the district court again denied for lack of jurisdiction, and we again denied a COA.

Johnson then changed tactics. Instead of filing new petitions, he moved in the district court for discovery and a new trial on his initial habeas petition. But the district court denied the motions because it found they were disguised, de facto habeas petitions. Johnson appealed that denial but voluntarily dismissed his appeal.

And now—six years later—Johnson has again moved for discovery in the district court. The court struck the motion because the case was closed, and Johnson sought review of that denial through mandamus and through a direct appeal. We denied his petition for mandamus, finding that he did not show any "right to conduct discovery in a closed federal case." *In re Johnson*, No. 25-6083 (10th Cir. July 16, 2025). We now address his second attempt at review through a direct appeal.

## II.    Discussion

A state prisoner may challenge his detention by seeking a writ of habeas corpus in federal court.  *See* 28 U.S.C. § 2254.  But such challenges face certain procedural restrictions on appeal.  Under 28 U.S.C. § 2253(c)(1), a petitioner must obtain a certificate of appealability before he may appeal "the final order in a habeas corpus proceeding" that challenges state custody.  And the Supreme Court has explained that final orders are those that "dispose of the *merits* of a habeas corpus proceeding." *Harbison v. Bell*, 556 U.S. 180, 183 (2009) (emphasis added).  We have further explained that to appeal an order denying a successive petition, a party must obtain a COA before we may review the claimed error.  *Cf. United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (addressing the same issue under § 2255).

Because Johnson proceeds pro se, we liberally construe Johnson's motion as a motion under Federal Rule of Civil Procedure 60(b)[1] and find that it is a successive petition.  In the motion, he seeks relief from the district court's judgment denying him habeas relief because "the district court did not set forth a full analysis of the issues raised," R. Vol. I at 13, erred in its probable-cause analysis, R. Vol. I at 11, and rendered its decision without a full evidentiary record, R. Vol. I at 11.  He then seeks additional discovery to "co[rro]borate all of [his] claims" that he made in his original petition.

---

[1] Johnson appears to move under Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts.  But that Rule does not authorize discovery once a habeas case has closed.  Nevertheless, because the substance of Johnson's motion challenges the district court's judgment denying his initial habeas petition, his motion is best characterized as a post-judgment Rule 60(b) motion.

R. Vol. I at 11.  Although the motion does seek discovery, its thrust is to challenge the district court's previous ruling on the merits of his habeas claim.  *Cf. McIntosh*, 716 F. App'x at 796 (construing a motion that sought to compel discovery as a successive petition because petitioner "sought discovery in support of a request for relief under § 2255").  Indeed, because the motion functionally argues that the court erred by denying him habeas relief, it is "effectively indistinguishable from alleging that [Johnson] is . . . entitled to habeas relief."  *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

Johnson's motion is therefore a "successive habeas petition."  *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006); *see Deloge v. Warden, Wyo. Medium Corr. Inst.*, 766 F. App'x 609, 611–12 (10th Cir. 2019) ("A Rule 60(b) motion that challenges a district court's decision not to hold an evidentiary hearing is a successive habeas petition because it challenges the habeas court's previous ruling on the merits of that claim.").  And a COA is required to appeal dismissal of an unauthorized successive petition.  *Cf. Harper*, 545 F.3d at 1233.  Johnson therefore must obtain a COA before we may review the district court's denial of his motion.

Johnson has not explicitly requested a COA, but we construe Johnson's notice of appeal as a request for a COA.  *See United States v. Springer*, 875 F.3d 968, 980–81 (10th Cir. 2017).  We do not issue a COA unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make that showing, Johnson must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S.

4

322, 336 (2003). But where the district court dismisses the petition on procedural grounds, the showing required gains an additional component: "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We may consider either component first —substantive or procedural—and if the petitioner fails at either step, our inquiry ends. *Id.* at 485.

Johnson fails at the procedural component. A "plain procedural bar" prevents his de facto Rule 60 motion: the district court's lack of jurisdiction to hear a successive habeas petition.[2] *Id.* at 484 (explaining that "[w]here a plain procedural bar is present," the petitioner cannot make the showing required by § 2253(c)(2)). As explained above, a petitioner must seek authorization from the circuit before he may bring a successive habeas petition. And without that authorization, the district court lacks jurisdiction over the motion. *Cf. United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006). Here, Johnson filed an initial habeas petition, so he needed to secure authorization before bringing his Rule 60(b) motion, which is a successive petition because it challenges the district court's ruling on the merits of his habeas claim. But he failed to secure that authorization, and the district court thus lacked jurisdiction over the successive petition. That lack of jurisdiction is a plain procedural bar to Johnson's pursuit of habeas relief.

---

[2] We may deny a COA under the plain-procedural-bar test—even where the district court did not rely on that procedural bar—because we can affirm on any ground adequately supported by the record. *Springer*, 875 F.3d at 981. So although the district court denied the petition because the case was closed, we may deny a COA on the ground that the district court lacked jurisdiction to consider the petition.

*See Springer*, 875 F.3d at 983 ("Under these circumstances, reasonable jurists could not debate whether [petitioner] could prevail on appeal when the district court lacked jurisdiction to issue a final order.").

In sum, Johnson fails to show that reasonable jurists could debate the correctness of the district court's denial of the motion.

## III.   Conclusion

For the foregoing reasons, we deny Johnson's request for a certificate of appealability and dismiss this matter.  We grant his motion for leave to proceed in forma pauperis.


Entered for the Court


Timothy M. Tymkovich
Circuit Judge